**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHERRY FINCHER,<br>        Appellant, | DOCKET NUMBER<br>DA-1221-13-0475-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>        Agency. | DATE: September 11, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brett Myers, Esquire, Dallas, Texas, for the appellant.

David Traskey, Esquire, and Maureen T. Regan, Esquire, Washington,
   D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a GS-13 Auditor, filed a complaint with the Office of Special Counsel (OSC) alleging that she disclosed that the agency interfered with her and others' independence and integrity (I&I) in conducting audits by requiring her and others to certify and prepare audits in violation of the Texas State Board of Public Accountancy rules. Initial Appeal File (IAF), Tabs 1, 7 at 69-87. She asserted that in retaliation for her disclosure the agency lowered her performance appraisal, required her to attend remedial intermediate auditor training, placed her on a performance improvement plan (PIP), and reprimanded her for refusing to sign an I&I statement. *Id.* After OSC closed its investigation, the appellant filed an IRA appeal. IAF, Tab 1. The administrative judge found that the Board had jurisdiction over the appellant's assertion that the agency retaliated against her for engaging in whistleblowing when it issued her a written reprimand on August 9, 2012, and gave her a minimally successful performance evaluation in October 2012. IAF, Tab 30. The hearing on the issues over which the administrative judge found that the Board had jurisdiction convened on September 23, 2013. IAF, Tab 35.

¶3 Notwithstanding that the administrative judge found that the Board had jurisdiction over some of the personnel actions that the appellant alleged were taken in retaliation for her whistleblowing and held a hearing on these issues, she issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 36, Initial Decision (ID). She found that, at the hearing, the appellant testified that when she was asked to sign an I&I statement she was not working on an audit but was working on a "hotline review." ID at 6. She also found that the appellant's second-line supervisor testified that "hotline reviews" have a lesser standard than audits, and he did not know what audits the appellant was referring

to in her OSC complaint because she was not working on audits. ID at 7. Additionally, the administrative judge noted the appellant's first-line supervisor's testimony that he could not tell what the appellant was talking about in her disclosure. ID at 7. Further, the administrative judge found that the appellant's submissions to OSC did not include the dates of any audits that are the subject of her disclosure and none of her OSC submissions mentioned the "hotline review." ID at 7-8. Based on the testimony of the appellant and her first and second-line supervisors, and review of the appellant's submissions to OSC in the record, the administrative judge found that the appellant's submissions failed to provide OSC with a sufficient basis to pursue an investigation that might lead to corrective action. ID at 7.

¶4        To establish jurisdiction over an IRA appeal, the appellant must prove that she exhausted her administrative remedies with OSC and nonfrivolously allege that: (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013). To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must inform OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 10 (2006). The test of the sufficiency of an employee's charges of whistleblowing to OSC is the statement that she makes in the complaint requesting corrective action and in other submissions to OSC. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993); *Davis*, 103 M.S.P.R. 516, ¶ 10.

¶5        In her petition for review, the appellant asserts that the administrative judge's notice regarding jurisdiction was confusing because it did not adequately apprise the appellant of what she needed to produce to establish Board jurisdiction. Petition for Review (PFR) File, Tab 1. She states that the

jurisdictional order provided that she was to furnish all the information that she submitted to OSC in connection with her reprisal complaint, and she indicates that she did file all of that information. She asserts that she had filed additional information with OSC in her separate disclosure submissions. She explains that she made her protected disclosures to OSC, among others, and subsequently filed a complaint with OSC alleging that the agency retaliated against her for those protected disclosures. She states that she did not provide to the Board the information that she submitted to OSC in her disclosure statements because of the wording of the jurisdictional order. The appellant includes the submissions that she made to OSC in her disclosure statements as attachments to her petition for review. *See id.*

¶6    Generally, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). For the Board to consider evidence submitted on petition for review, it must also be material. To be material, the evidence must be of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Because the threshold issue to be decided in this case is jurisdiction, the new evidence must be material to the issue of Board jurisdiction.

¶7    The Board will not turn ignore clear and material errors that appear to have prejudiced an appellant's substantive rights. *See, e.g.*, *Robinson v. Department of Veterans Affairs*, 72 M.S.P.R. 444, 447-50 (1996). In *Robinson*, 72 M.S.P.R. at 447-50, we addressed the administrative judge's clear error of law that prevented the appellant from showing that the Board had jurisdiction over his appeal. Likewise, in *Carey v. U.S. Postal Service*, 50 M.S.P.R. 359, 361 (1991), we addressed a claim of new evidence that would establish Board jurisdiction over the appeal. In this appeal, we have reviewed the record to determine whether

there was error below that may have prejudiced the appellant's effort to establish jurisdiction over her IRA appeal.

¶8     As noted earlier, the appellant asserts that she was misled by the jurisdictional order into furnishing only those documents that she submitted to OSC in her retaliation complaint. We have examined the jurisdictional order issued by the administrative judge and find that it is consistent with the Board's case law cited above. IAF, Tab 6. The jurisdictional order informed the appellant that, to exhaust her administrative remedies with OSC, she "must have informed OSC of the precise ground" of her claim of whistleblowing and "given it a sufficient basis to pursue an investigation that might lead to corrective action." *Id*. at 2. It also informed the appellant that the test of the sufficiency of her claim of whistleblowing to OSC is the statement she made "in the complaint requesting corrective action *or in other submissions to OSC*." *Id*. (emphasis added). We find that this language is not misleadingly ambiguous, as the appellant asserts.

¶9     However, we also find that the administrative judge's determination that the appellant met her burden to prove jurisdiction based on the submissions that she made in response to the jurisdictional order may have misled the appellant into failing to submit into the record of her IRA appeal the submissions that she made to OSC in her disclosure statements. Thus, while the appellant has not established that the documents that she submits with her petition constitute new evidence because they were previously unavailable, we will still consider them. *See Carey*, 50 M.S.P.R. at 361. As explained below, considering the appellant's submissions on petition for review, we find that she met her burden to establish jurisdiction over her IRA appeal.

¶10    First, we agree with the administrative judge that the appellant met her burden of making a nonfrivolous allegation that she engaged in whistleblowing activity by making a protected disclosure. The appellant's submissions below in response to the jurisdictional order, as supplemented by her submissions on

petition for review, show that she made a nonfrivolous allegation that she made a disclosure as a result of a "hotline review" that she was performing. PFR File, Tab 1 at 24-26. She disclosed that she had a reasonable belief that she was subject to the Texas State Board of Public Accountancy rules as incorporated through the U.S. Government Accountability Office's Generally Acceptable Government Accounting Standards, and that her supervisors abused their authority by interfering with her I&I under these rules to determine the basis of a "$40 million" shortfall that she found. *Id.*

¶11 We further find that the appellant has nonfrivolously alleged that her protected disclosures were a contributing factor in the agency's decision to take or fail to take a personnel action. To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011). One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* Here, the appellant made a nonfrivolous allegation that the officials taking the personnel actions knew of the appellant's disclosure. *See* PFR File, Tab 1 at 60. Further, the personnel actions at issue, a lowered performance appraisal, placement on a PIP, and a reprimand for refusing to sign an I&I statement, are alleged to have begun within 1 year of the time that she made her disclosures to OSC. *Id.* We find that the appellant has made nonfrivolous allegations that her disclosures were a contributing factor under the knowledge-timing test. *See Agoranos v. Department of Justice*, 119 M.S.P.R.

498, ¶¶ 21–23 (2013); *see generally Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶¶ 19–20 (2008).

¶12    As noted above, the administrative judge found that the appellant failed to meet her burden to prove Board jurisdiction because she did not provide OSC with a sufficient basis to pursue an investigation that might lead to corrective action.  ID at 8.  It appears that the appellant did not include in her complaint of retaliation all of the information that she provided in her disclosure statements; however, in its closure letter, OSC indicated that it supplemented the information that the appellant provided in her retaliation complaint with information that OSC had available from its Disclosure Unit.  PFR File, Tab 1 at 17.  We find that the appellant's submissions in her disclosure to OSC were incorporated into her OSC complaint of retaliation.  Further, based on those submissions, we conclude that the appellant exhausted her administrative remedies regarding the foregoing disclosures.[2]  *See Ellison*, 7 F.3d at 1036; *Davis*, 103 M.S.P.R. 516, ¶ 10.

¶13    The administrative judge also found that the appellant had exhausted her administrative remedies only over her assertion that the agency retaliated against her for engaging in whistleblowing when it issued her a written reprimand on August 9, 2012, and gave her a minimally successful performance evaluation in October 2012.  IAF, Tab 30.  The administrative judge thus found that the Board had jurisdiction over only those two personnel actions and limited the hearing to issues involving those personnel actions.  *Id*.; IAF, Tab 35.  Based on the

---

[2] In light of our finding, we do not reach the issue of whether, in the initial decision, the administrative judge improperly relied on the testimony of agency officials to rebut the appellant's allegation that she exhausted her administrative remedies.  *See Carney v. Department of Veterans Affairs,* 2014 MSPB 62, ¶ 11 (in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing in an IRA appeal, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive); *see also Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

appellant's submissions with her petition for review, we find that additionally she established that she exhausted her administrative remedies regarding the agency's placing her on a PIP. Thus, the Board has jurisdiction over her assertion that the agency retaliated against her by taking that personnel action.

¶14    The appellant has met her jurisdictional burden regarding the matters set forth above. Once an appellant has successfully proven jurisdiction, she must establish a prima facie case of whistleblower reprisal by proving by preponderant evidence that she made a protected disclosure that was a contributing factor in a personnel action against her. *See Shibuya*, 119 M.S.P.R. 537, ¶ 25. Because the administrative judge did not make any findings on this issue, and resolving the conflicting evidence could require credibility determinations, we REMAND the appeal to allow the parties to submit evidence and argument on this issue. *See Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 19 (2011). When the record is complete, the administrative judge shall issue an initial decision finding whether the appellant has made a prima facie case of reprisal for whistleblowing. If the appellant makes her prima facie case, the administrative judge must determine whether the agency has established by clear and convincing evidence that it would have taken the same actions absent the appellant's protected disclosures. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014).

**ORDER**

¶15    For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.