# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THASHA A. BOYD,
           Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
           Agency.

DOCKET NUMBER
AT-1221-15-0008-W-1

DATE: June 25, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Thasha A. Boyd, Kennesaw, Georgia, pro se.

Kenneth William, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged that the agency would not select her for employment and was retaliating against her because of her prior disclosures, her status as a perceived whistleblower, and her ongoing litigation against the agency.[2] Initial Appeal File (IAF), Tab 6 at 21. In her complaint to OSC, the appellant alleged that, in May 2010, and April 2011, while she was employed by the Department of Labor (DOL), she made disclosures of fraud, waste, and abuse. *Id*. at 22. She stated that she had been applying for positions with the agency since mid-2012, but that when she was not selected for employment in 2013, she filed a complaint with OSC and then a Board appeal. *Id*. at 23. She further stated that, on March 20, 2014, she received an email from an agency official stating that a panel decided that she would not be interviewed for a position. *Id*. She asserted that the agency had constructive knowledge of both her disclosures and her ongoing litigation against it. *Id*. at 24. She added that she previously told one of the supervisors at the agency that she was not certain when she would be entering on duty due to issues with her background investigation. *Id*. The appellant also stated that, after her background investigation took place, every position she applied for was either canceled, reannounced, and/or she was not selected. *Id*. OSC issued a letter to the appellant stating that she had alleged that the agency failed to select her for

---

[2] In a prior appeal, the appellant alleged that the same agency intentionally delayed and misused the security clearance process to justify withdrawing its tentative job offer based upon the perception that she was a whistleblower. *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-W-1, Initial Decision (Jan. 13, 2014). After the administrative judge initially dismissed the case for lack of jurisdiction, the Board remanded that appeal for a hearing on the merits. *Id*., Remand Order (Nov. 24, 2014). The remanded appeal was then consolidated with *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-B-1. The consolidated appeal is pending at the regional office.

positions based upon disclosures she made as a DOL employee in 2010 and 2011 and informing her of her right to seek corrective action before the Board. IAF, Tab 1.

¶3    The appellant filed this IRA appeal alleging that the agency retaliated against her because of her prior disclosures at DOL, her status as a perceived whistleblower, and her ongoing litigation against the agency. *Id.* The agency responded with a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5. The administrative judge granted and denied the agency's motion in part, finding that the nonselections from 2012 and 2013 were covered by prior OSC complaints and that the only subsequent nonselection the appellant identified to OSC involved the one about which she received notice on March 20, 2014. IAF, Tab 10 at 2-5. The administrative judge therefore found that only this particular nonselection was administratively exhausted and he therefore ordered the appellant to supplement the record by specifically identifying this nonselection. *Id.* at 5-6.

¶4    In response to the administrative judge's order, the appellant filed a motion for interlocutory appeal, challenging the administrative judge's order to the extent that it limited her claims to a single vacancy as well as placed the burden upon her within a brief time period to obtain further information about the vacancy mentioned in the March 20, 2014 email. IAF, Tab 11. The administrative judge denied the motion and extended the appellant's time to submit evidence concerning the nonselection, but she did not submit the requested evidence and instead filed a similar motion for interlocutory appeal. IAF, Tabs 12-13. The administrative judge again denied the appellant's motion. IAF, Tab 14. He stated that the appellant's failure to provide information about which nonselection she was attempting to challenge casted doubt on whether she could satisfy her jurisdictional burden. *Id.* at 6. He therefore ordered the appellant to show cause why sanctions should not be imposed based on her failure to provide the requested argument and/or evidence. *Id.* He also ordered her to provide

argument and/or evidence constituting a nonfrivolous allegation that any protected disclosure or her status as a perceived whistleblower was a contributing factor in the agency's decision not to select her for the particular position about which she was notified on March 20, 2014. *Id*. The appellant responded to the order stating that she was waiting for a decision on her second motion for interlocutory appeal before initiating discovery. IAF, Tab 15 at 7-10. She also stated that sanctions were not warranted and that any dismissal of her appeal should be without prejudice pending the disposition of another appeal at the United States Court of Appeals for the Federal Circuit. *Id*.

¶5    The administrative judge issued an initial decision in which he found that the appellant had exhausted before OSC only the nonselection about which she received notice on March 20, 2014. IAF, Tab 18, Initial Decision (ID) at 5. The administrative judge also found that the Board did not have jurisdiction over this nonselection because the appellant had not alleged facts which, if proven, would establish that the selecting official either was aware of her prior whistleblower activity or perceived her as a whistleblower. ID at 9. Lastly, the administrative judge stated that the appeal equally could have been dismissed as a sanction based upon the appellant's willful failure to respond to the Board's orders. ID at 9.

¶6    The appellant timely petitioned for review. Petition for Review (PFR) File, Tab 1. She argued that the administrative judge erred in denying her motions for interlocutory appeal, that she exhausted before OSC as to the nonselections that the administrative judge excluded, that sanctions should not have been imposed because she did not exhibit bad faith and exercised due diligence in pursuing her appeal, and that she should not have been required to provide additional information concerning the nonselection mentioned in the March 20, 2014 email because the agency was in the best position to provide this information. *Id*. at 4-12. The agency has responded in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    Generally, the Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that:   (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. § 1221(a); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  However, an individual who is perceived as a whistleblower is still entitled to whistleblower protections, even if she has not made protected disclosures.  *Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 26 (2015).  In such cases, the issue of whether the appellant actually made protected disclosures is immaterial; the issue of whether the agency perceived the appellant as a whistleblower will essentially stand in for that portion of the Board's analysis in both the jurisdictional and merits stages of the appeal.  *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011).

The appellant has exhausted her administrative remedies as to the nonselections from mid-2012 until the time of her OSC complaint.

¶8    Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board.  The Board's jurisdiction is limited to issues raised before OSC.  *See Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993).  To meet the exhaustion requirement, the appellant must provide OSC with a sufficient basis to pursue an investigation which might have led to corrective action.  *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001).  That is, the appellant must articulate with reasonable clarity and precision before OSC the basis of her request for corrective action.  *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004).

¶9          The administrative judge found that the appellant only clearly identified the nonselection mentioned in the March 20, 2014 email and that this therefore was the sole nonselection that she exhausted before OSC. ID at 4-5. We disagree. Instead, we find that the appellant has exhausted before OSC her allegation that she was not selected for vacancies beginning in mid-2012 until the time of her complaint. In her complaint, the appellant alleged that she had applied to positions with the agency since mid-2012 and that she was not selected for them because of her status as a perceived whistleblower, the agency's constructive knowledge of her previous disclosures, and her ongoing litigation against it. IAF, Tab 6 at 21-24. She specified the subdivision of the agency to which she had applied, the grade and series of positions to which she applied, the name and contact information of an agency acting field office director who she alleged was involved in the retaliation, and the name of a supervisor who she claimed had knowledge of the issues with her background investigation. *Id*. We find that the appellant's complaint was sufficiently detailed to allow OSC to investigate because she identified applications that she submitted within a limited timeframe in a specific division of the agency and also included the names of individuals who she alleged were involved in the retaliation. *Id*. Accordingly, we find that the appellant has exhausted her administrative remedy concerning nonselections for vacancies beginning in mid-2012 until the time of her complaint.[3] *See Reeves v. Department of the Army*, 99 M.S.P.R. 153, ¶ 11 (2005) (finding that the

---

[3] OSC's letter characterized the appellant's claim as alleging that the agency failed to select her for positions based upon disclosures she made as a DOL employee in 2010 and 2011. IAF, Tab 1. Nevertheless, an IRA appeal is a de novo action, and OSC's characterizations of the appellant's allegations are not binding on the Board. *Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, ¶ 22 (2001). Therefore, because these allegations are contained in her OSC complaint, the appellant has exhausted her administrative remedy based upon allegations of retaliation due to her status as a perceived whistleblower, the agency's constructive knowledge of her previous disclosures, and her ongoing litigation against it.

appellant exhausted his administrative remedy before OSC regarding allegations that he was not selected for promotion).

The appellant has nonfrivolously alleged that she made protected disclosures and participated in protected activities.

¶10    In her OSC complaint, the appellant alleged that, in 2010 and 2011, she made disclosures of fraud, waste, and abuse concerning DOL. IAF, Tab 6 at 22. The Board previously found that the appellant made protected disclosures while an employee at DOL. *Boyd v. Department of Labor*, MSPB Docket Nos. AT-1221-12-0456-W-1, AT-1221-12-0665-W-1, Final Order at 3 (Sept. 17, 2013). Therefore, we again find that the appellant has nonfrivolously alleged that she made protected disclosures.

¶11    Next, we find that the appellant has nonfrivolously alleged that she engaged in protected activity. Under 5 U.S.C. § 2302(b)(9)(A)(i), an employee engages in protected activity when she exercises any appeal, complaint, or grievance with regard to remedying a violation of 5 U.S.C. § 2302(b)(8).[4] In her OSC complaint, the appellant alleged that the agency was retaliating against her because of her prior Board appeal, in which she asserted that the agency rescinded its tentative offer because of the protected disclosures she made while employed at DOL. IAF, Tab 6 at 24; *see Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-W-1, Initial Appeal (Aug. 11, 2013). We find that this prior appeal constituted a protected activity.

The appellant has not nonfrivolously alleged that her disclosures were a contributing factor in her nonselection, but she has nonfrivolously alleged that her protected activity in filing a Board appeal was a contributing factor in her nonselection.

¶12    The appellant appears to have alleged in her OSC complaint that her prior disclosures and her ongoing litigation against the agency were contributing factors in her nonselection. IAF, Tab 6 at 21. The term "contributing factor"

---

[4] Under 5 U.S.C. § 2302(b)(8), it is a prohibited personnel practice to take certain personnel actions against an employee because of certain protected disclosures.

means any disclosure or protected activity that affects an agency's decision to threaten, propose, take, or not take a personnel action with respect to the individual making the disclosure. 5 C.F.R. § 1209.4(d); *see Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). The most common way of proving the contributing factor element is the knowledge-timing test. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 27 (2013). Under that test, an appellant can prove that her disclosure was a contributing factor in a personnel action through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id*. Once an appellant has satisfied the knowledge-timing test, she has demonstrated that a protected disclosure was a contributing factor in a personnel action. *Gonzalez v. Department of Transportation*, 109 M.S.P.R. 250, ¶ 20 (2008).

¶13 In her OSC complaint, the appellant alleged that she made protected disclosures in 2010 and 2011. IAF, Tab 6 at 21. However, she did not provide any description of how agency officials would have known about these disclosures that she made regarding another agency. Accordingly, we find that the appellant has not nonfrivolously alleged, through the knowledge-timing test, that her disclosures were a contributing factor in her nonselection. *See Reed*, 122 M.S.P.R. 165, ¶ 17 (the appellant failed to nonfrivolously allege that her disclosure was a contributing factor in her suspension because she did not allege that the agency officials who were responsible for the alleged personnel actions knew about the disclosure). However, even if the appellant fails to satisfy this test, the Board considers other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the relevant officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011). There

is no evidence showing that any of the agency officials had a motive to retaliate against the appellant, whose disclosures were made about a different agency. We therefore also find, based upon our consideration of other evidence, that the appellant has failed to nonfrivolously allege that her disclosures were a contributing factor in her nonselection. *Id*.

¶14     We find, however, that the appellant nonfrivolously alleged that the filing of her Board appeal was a contributing factor in her nonselection for certain vacancies. The appellant alleged that the agency had constructive knowledge of her Board appeal. IAF, Tab 6 at 24. An allegation of knowledge or constructive knowledge is "minimally sufficient" to meet the burden of a nonfrivolous allegation. *Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007). As to the timing portion of the knowledge-timing test, the appellant filed her Board appeal in August 2013. *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-W-1, Initial Appeal (Aug. 11, 2013). The Board has held that a personnel action that occurred within 1 year of a protected disclosure satisfies the "timing" component of the knowledge-timing test. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013). Thus, we find that the appellant satisfied the knowledge-timing test as to her claim that the agency retaliated against her for her protected activity when it did not select her for vacancies after she filed her Board appeal in August 2013, and before she filed her OSC complaint in March 2014.[5]

---

[5] The Board has held that the Whistleblower Protection Enhancement Act provision that took effect on December 27, 2012, and created a new Board appeal right in IRA appeals for employees who allege that a personnel action was taken as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A)(i) is not retroactive. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 15 (2014). Here, however, any nonselections that could have been done in retaliation for filing the prior Board appeal would have taken place no earlier than August 2013. Thus, there is no retroactivity issue.

¶15     We therefore find that the appellant has established jurisdiction over any nonselections[6] that occurred after she filed her August 2013 Board appeal and before she filed her March 2014 OSC complaint.[7]  Accordingly, the appellant is entitled to a hearing on the merits to determine if her protected activity in filing her Board appeal was a contributing factor in any nonselection that occurred within this time period.  *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002) (an appellant is entitled to a hearing on the merits if she makes the required nonfrivolous allegations of the elements of an IRA appeal).

On remand, the administrative judge should determine whether the appellant has nonfrivolously alleged that she was perceived as a whistleblower, whether the perception was a contributing factor in her nonselection, and whether any such claims are barred by res judicata or collateral estoppel.

¶16     The appellant appeared to assert that she was perceived as a whistleblower because she told a supervisor at the agency that the processing of her background investigation was delayed.  IAF, Tab 6 at 24.  In its remand order in *Boyd*, MSPB Docket No. AT-1221-13-3375-W-1, the Board found that the administrative judge erred in finding that the appellant failed to make a nonfrivolous allegation that she was perceived as a whistleblower.  *Id.*; Remand Order at 4 (Nov. 24, 2014). Specifically, we noted a letter that she sent to the agency in October 2012, describing several of her legal actions against DOL.  *Id.*  Here, it is not clear if the appellant is alleging that the agency perceived her as a whistleblower based upon this letter or other similar facts.  We note, however, that the appellant did not submit the October 2012 letter into evidence in the current appeal.  The administrative judge must therefore determine on remand whether the appellant has nonfrivolously alleged that she was perceived as a whistleblower.  If the

---

[6] On remand, the appellant must clarify whether the nonselections during this time period are limited to the nonselection referenced in the March 20, 2014 email or whether other nonselections are included as well.

[7] Because, as previously discussed, the Board's jurisdiction is limited to those matters raised before OSC, *Ellison*, 7 F.3d at 1037, we may not consider any nonselections that occurred after the appellant filed her OSC complaint.

administrative judge determines that the agency perceived the appellant as a whistleblower, then he should determine if the appellant has nonfrivolously alleged that this was a contributing factor in any of her nonselections. If the administrative judge determines that the appellant established jurisdiction over any such claims, he also may consider whether they are barred by collateral estoppel or res judicata.[8] *See Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶¶ 6-8 (2006), *aff'd*, 230 F. App'x, 967 (Fed. Cir. 2007). If the administrative judge determines that the Board has jurisdiction over any of these claims and that they are not barred by res judicata or collateral estoppel, then the appellant is entitled to a hearing on the merits to determine if her status as a perceived whistleblower was a contributing factor in her nonselection. *See Rusin*, 92 M.S.P.R. 298, ¶ 20.

---

[8] The administrative judge found that this IRA appeal equally could have been dismissed as a sanction for the appellant's refusal to comply with Board orders. ID at 9. While we understand the administrative judge's frustration with the appellant's conduct, we find that her conduct does not justify dismissal of her appeal. *See Johnson v. Department of the Treasury*, 108 M.S.P.R. 592, ¶¶ 18-20 (2008) (reversing an administrative judge's dismissal of an appeal for failure to provide more specific information regarding the appellant's claims). However, we remind the appellant that an administrative judge may impose various sanctions as necessary to serve the ends of justice. 5 C.F.R. § 1201.43; *see Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 8-12 (2007) (finding that an administrative judge did not abuse her discretion by canceling the requested hearing as a sanction for repeated failure to provide additional information). On remand, the appellant is expected to comply with all orders issued by the administrative judge. *See Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 15 (2009).

## **ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                     _____

William D. Spencer
Clerk of the Board

Washington, D.C.