Donald B. ELLISON, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 92–3057.

United States Court of Appeals, Federal Circuit.

Oct. 26, 1993.

Julia Ryan Sullivan, of Parma, Ohio, argued, for petitioner. With her on the brief, was Robert S. Belovich.

Anita Marshall, Atty., Merit Systems Protection Bd., of Washington, DC, argued, for respondent. With her on the brief, were Mary L. Jennings, Deputy Gen. Counsel and Martha B. Schneider, Asst. Gen. Counsel.

Before PLAGER, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Donald B. Ellison petitions for review of the final decision of the Merit Systems Protection Board, Docket No. CH122191W0513, dismissing his Individual Right of Action (IRA) appeal under 5 U.S.C. § 1221(a) (Supp. III 1991) for lack of jurisdiction. Because Ellison's claim of reprisal for whistleblowing was based on a disclosure not protected under the Whistleblower Protection Act of 1989 (WPA), Pub.L. No. 101–12, 103 Stat. 16 (1989) (codified at scattered sections of Title 5, United States Code), we affirm.

## BACKGROUND

On March 22, 1989, Ellison, who was serving as a contract specialist, GM–12, at the Naval Weapons Support Center (the agency) in Crane, Indiana, applied for one of three announced vacancies for a position entitled "Supervisory Contract Specialist," GM–13. Of the ten eligible applicants considered, Ellison was ranked third in the "recommended order of selection" by the agency selection panel. Ellison, however, was not selected for a position.

Ellison filed an administrative grievance on April 26, 1989, challenging his nonselection on the ground that the agency did not afford him "fair and equitable treatment." The agency agreed to conduct a thorough review of the selection process and ultimately concluded that nonmerit factors were improperly used in evaluating Ellison's application. Accordingly, the agency declared the prior selection invalid and instituted a new selection process. Although the new selection process purportedly excluded consideration of all nonmerit evaluation factors, Ellison was again not selected for a position. Ellison subsequently requested a final administrative review of his grievance and that request was denied.

On January 25, 1990, Ellison sought corrective action from the Office of Special Counsel (OSC) under 5 U.S.C. § 1214 (Supp. III 1991), claiming that he was a victim of reprisal for disclosures made to the agency regarding the selection process. The OSC terminated its investigation without taking action and Ellison filed an appeal to the Board through the IRA provisions of the WPA, 5 U.S.C. §§ 1214(a)(3) and 1221 (Supp. III 1991). The Board, however, dismissed his appeal for lack of jurisdiction. Docket No. CH122190W0557. Ellison petitioned for judicial review and this court affirmed the Board's decision. *Ellison v. Department of the Navy,* 954 F.2d 733 (Fed.Cir.1992).

On September 11, 1990, the agency announced that one of the positions for which Ellison had unsuccessfully applied in 1989 had been vacated. Ellison reapplied for the position but again was not selected. By letter dated November 29, 1990, Ellison sought corrective action from the OSC, alleging that his nonselection was the result of a "continuing reprisal" directed against him by his supervisors "because of [a] protest he made ... in 1989 concerning an earlier competitive announcement for this same position." The OSC construed Ellison's complaint as one alleging reprisal for a nonwhistleblowing disclosure made during the course of the agency grievance process. The OSC terminated its investigation upon finding insufficient evidence of the existence of any prohibited personnel practice in violation of Ellison's rights under the WPA.

Ellison sought corrective action from the Board by filing an IRA appeal on May 14, 1991. However, in view of the OSC's finding that Ellison had sought relief based on a disclosure not afforded protection under the WPA, the Administrative Judge (AJ) ordered Ellison to show that the Board had jurisdiction over his appeal. Ellison responded by claiming that his third nonselection was in reprisal for whistleblowing disclosures, including those made in meetings with officials from the office of the Inspector General (IG), Naval Sea Systems Command, and the staff of U.S. Senators Lugar and Coats, at which he reported violations of regulations, gross mismanagement, and abuse of authority on the part of his supervisors at the agency regarding the contested selection process.

The AJ determined, however, that the only disclosure upon which Ellison premised his latest claim for corrective action was that

which was made in the agency grievance proceeding in April 1989. Relying on the Board's decision in *Fisher v. Department of Defense*, 47 M.S.P.R. 585 (1991), the AJ thus concluded that the Board lacked jurisdiction over Ellison's IRA appeal, the filing of a grievance not being a protected disclosure covered by 5 U.S.C. § 2302(b)(8) (Supp. III 1991). The AJ determined that Ellison's grievance constituted a nonwhistleblowing disclosure under 5 U.S.C. § 2302(b)(9) (Supp. III 1991). Additionally, because Ellison did not timely seek corrective action from the OSC respecting his alleged protected disclosures to the agency IG or to Congress, the AJ determined that he could not raise them on appeal to the Board. Accordingly, the AJ dismissed Ellison's IRA appeal for lack of jurisdiction. The AJ's decision became the final decision of the Board when it denied review on October 15, 1991.

## DISCUSSION

█ The issue before us concerns the correctness of the Board's decision to dismiss Ellison's IRA appeal for lack of jurisdiction on the ground·that his November 29, 1990 complaint to the OSC was not based on a prohibited personnel action covered by 5 U.S.C. § 2302(b)(8), a jurisdictional prerequisite under section 1221(a). On appeal, that decision cannot be disturbed unless it is found to have been (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). The Board's statutory interpretations are reviewed for correctness as a matter of law. *See Marano v. Department of Justice*, 2 F.3d 1137, 1141 (Fed.Cir.1993).

Although no law, rule, or regulation authorizes a direct appeal to the Board respecting a nonselection for promotion, the WPA provides a federal employee with the right to seek corrective action from the Board when the employee asserts the existence of a prohibited personnel practice as described in section 2302(b)(8). 5 U.S.C. § 1221(a). Accordingly, by means of an "individual right of action" an employee may obtain Board review of any personnel action enumerated in 5 U.S.C. § 2302(a) (Supp. III 1991) if he or she alleges that such action was taken or failed to be taken because of

(A) any disclosure of information by an employee ... which the employee ... reasonably believes evidences—

(i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety ...; or

(B) any disclosure to the ... Inspector General of an agency ... of information which the employee ... reasonably believes evidences—

(i) a violation of any law, rule, or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

5 U.S.C. § 2302(b)(8).

Thus, to establish a case of reprisal for whistleblowing under the WPA, an employee must demonstrate by a preponderance of the evidence that his disclosure is covered by section 2302(b)(8) and that it was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); 5 C.F.R. § 1209.7 (1993). If an employee fails to demonstrate that the aggrieved personnel action was the result of a prohibited personnel practice as described in section 2302(b)(8), he is not entitled to corrective action under the WPA.

In *Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679 (Fed.Cir.1992), we confirmed that in the absence of a protected disclosure, the Board is without jurisdiction to entertain an IRA appeal under the WPA. There we held that the filing of a complaint with the Equal Employment Opportunity Commission (EEOC), in which an employee alleges discriminatory treatment by an employer in violation of Title VII of the Civil Rights Act of 1964, does not constitute a whistleblowing disclosure within the terms of section 2302(b)(8), but instead, is a nonwhistleblowing disclosure under section 2302(b)(9).

In so holding, the court rejected the employee's argument that, although the filing of an EEOC complaint was covered by section 2302(b)(9), it was nevertheless protected by the WPA to the extent that such a complaint could also be viewed as alleging a violation of law, rule, or regulation under section 2302(b)(8). The court concluded that such an argument ignored the deliberate and substantive distinction established by Congress between reprisals based on "whistleblowing" disclosures of government illegality, waste, and corruption, protectable under the WPA, and reprisals based on exercising one's right to complain, protectable in the case of EEOC complaints under 42 U.S.C. § 2000e–3(a) (1988).

*Spruill*, however, did not address the situation in which an employee makes a number of related disclosures based upon the same operative facts, some of which are argued to come under section 2302(b)(8) and others under section 2302(b)(9). Such is the situation in the instant case. Ellison claims that he made two separate and distinct disclosures, one to the agency IG and the other to agency supervisors through the grievance process. Ellison contends that the former falls within the scope of section 2302(b)(8) and thus provides the necessary predicate for Board jurisdiction under section 1221, irrespective of the fact that it derives from the same events as the nonwhistleblower disclosure.

■ As a threshold matter, we agree that where an employee makes one disclosure to supervisors in an agency grievance proceeding and one to the agency IG, the fact that both disclosures stem from the same set of operative facts is not necessarily inconsistent with the Board's jurisdiction over an IRA appeal. Such disclosures might be similar in substance to the extent that they both criticize the agency's selection process, but each might be independent of the other and serve different purposes. The "IG disclosure" might reveal violations of regulations, gross mismanagement, and abuse of authority on the part of the agency in conducting its selection process. On the other hand, the "grievance disclosure" could challenge the selection process as being unfair and inequitable to the employee because the agency considered nonmerit factors in denying him a promotion opportunity. Thus, the same operative facts supporting an employment grievance may also give rise to questions of government violations of law or gross mismanagement and waste. *See Fisher v. Department of Defense*, 52 M.S.P.R. 470, 474 (1992) (remand necessary to determine nature of numerous disclosures made by employee for resolution of jurisdictional issue).

■ Accordingly, the fact that Ellison filed a grievance action through agency procedures in response to the contested personnel action did not in and of itself disqualify him from pursuing corrective action under the WPA as well. Ellison had a right to pursue all courses of action at his disposal, and the law provides remedies for violations of that right. The WPA was enacted for the purpose of protecting federal employees who disclose government illegality, waste, and corruption, 5 U.S.C. § 1201 note (Supp. III 1991); it was not intended to discourage employees who are subject to prohibited personnel practices from also seeking redress through other authorized means, such as a grievance process.

■■ However, not every disclosure to the IG pertaining to personnel actions can rise to the level of a section 2302(b)(8) disclosure. An employee does not necessarily make a section 2302(b)(8) disclosure merely by informing the IG of an adverse personnel action and alleging that it evidences mismanagement or the like. This would convert grievances based on section 2302(b)(9) into cases appealable to the Board under the WPA, a result Congress clearly did not intend. *See Spruill*, 978 F.2d at 690–92. The facts underlying a section 2302(b)(9) disclosure can serve as the basis for a section 2302(b)(8) disclosure only if they establish the type of fraud, waste, or abuse that the WPA was intended to reach. *See id.* at 692.

■ Moreover, under the statutory scheme of the WPA, if the personnel action challenged by the employee is not otherwise directly appealable to the Board, the employee must first seek corrective action from the OSC. 5 U.S.C. §§ 1214(a)(3), 1221(a), (b).

Only after the OSC has notified the employee that its investigation has been terminated, 5 U.S.C. § 1214(a)(3)(A)(i), (ii), or if no action has been taken by the OSC within 120 days, 5 U.S.C. § 1214(a)(3)(B), may the employee seek corrective action from the Board. Not until the employee has exhausted this mandatory procedural route may he or she be entitled to file an IRA appeal under section 1221 to the Board. *See Knollenberg v. Merit Sys. Protection Bd.*, 953 F.2d 623, 625–26 (Fed.Cir.1992).

■■ Ellison argues, as he did before the Board, that he complied with the procedural requirements for corrective action and that his complaint alleged that his third nonselection for promotion was in reprisal for a whistleblowing disclosure made to the agency IG, separate and apart from his disclosure made in the course of the agency grievance process. The law, however, is well settled that the mere recitation of a basis for jurisdiction by a party is not sufficient. Rather, substantive details establishing jurisdiction must be alleged in the complaint. *See Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir.1992). Moreover, the test of the sufficiency of an employee's charges of whistleblowing to the OSC is the statement that the employee makes in the complaint requesting corrective action under 5 U.S.C. § 1214, not the employee's *post hoc* characterization of those statements. *Ward v. Merit Sys. Protection Bd.*, 981 F.2d 521, 526 (Fed.Cir.1992).

■ Ellison's November 29, 1990 OSC complaint asserted that

[o]n May 8, 1990, Phillip Foster, an employee at Crane and the job recommending official for the referenced position, held a planning meeting with his staff to discuss the upcoming job announcement for this position. During the meeting Mr. Foster stated there were only two people he would like to see in the position, Don Ellison or Rex Williams. He then stated that he would be unable to choose Mr. Ellison. The reason Mr. Foster would not and did not select Mr. Ellison is because of a continuing reprisal directed against Mr. Ellison by Foster and Foster's supervisor William Gillenwater. *Mr. Ellison is a victim of reprisal because of protest he made to*

*Foster and Gillenwater in 1989 concerning an earlier competitive announcement for this same position.* [Emphasis added.]

Mr. Ellison recently learned that he was again not selected, although he ranked first on the promotion register.

The OSC construed that statement as alleging that "[Ellison's] most recent non-selection for promotion to a supervisory position [was] in continued reprisal for information [he] disclosed in the course of previous grievances [he] filed in April 1989." Thus, the OSC essentially interpreted the complaint as being tantamount to further pursuit of the claim that Ellison raised during his unsuccessful grievance, not an assertion of reprisal for disclosing illegality or mismanagement at the agency. In light of the language of the complaint and the record before the OSC, we find no error in the OSC's interpretation.

Ellison failed to provide a factual foundation sufficient to support his charge that his nonselection by the agency was in reprisal for a protected disclosure in violation of his rights under the WPA. Ellison's November 29, 1990 complaint to the OSC did not mention his disclosures to the IG alleging government illegality, waste, or mismanagement. In fact, the statements in his complaint suggest that he was seeking collateral review of the claim denied by the agency in the grievance proceeding. That, of course, does not justify an IRA appeal to the Board under the WPA.

Ellison claims that during his November 16, 1989 meeting with IG officials, he reported that the selection of Dearl Runyon over Ellison constituted an abuse of authority and would result in a gross waste of government funds. Specifically, Ellison informed them that Ellison was ranked above Runyon on the promotion register and that Runyon was not qualified to hold a supervisory contracting position because he had no previous contract experience and did not hold a Contracting Officer's Warrant. Ellison contends that as a result of these disclosures of gross agency mismanagement the IG ordered an audit of the aggrieved selection process, which ultimately led to the third vacancy announcement. He maintains that he was not selected

for that position in reprisal for this whistle-blowing to the IG. The Board, however, made no findings regarding these alleged disclosures to the agency IG because Ellison failed to explicitly raise them first with the OSC. He raised them clearly only after his appeal to the Board in a second complaint dated September 25, 1991. That was too late. Thus, we may not consider them here.

■ The Board's jurisdiction is limited by statute to those actions made appealable to it by law, rule, or regulation, 5 U.S.C. § 1204, 7701(a) (1988), and the burden was on Ellison to establish that such jurisdiction existed, *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1557 (Fed.Cir.1987). The Board's jurisdiction over Ellison's IRA appeal was limited by section 1221(a) to those issues raised before the OSC. Given the OSC's finding that Ellison's timely allegation of reprisal was based only on an unprotected disclosure made during the grievance process, the Board was correct in declining to consider Ellison's disclosure to the agency IG, and it properly dismissed his IRA appeal.

This case illustrates the need for an employee to articulate with reasonable clarity and precision the basis for his request for corrective action under the WPA. As we stated in *Ward,*

> [t]he purpose of the requirement that an employee exhaust his or her remedies before the Special Counsel before appealing to the Board is to give the Special Counsel the opportunity to take corrective action before involving the Board in the case....
>
> For the exhaustion remedy to serve its intended purpose, however, the employee must inform the Special Counsel of the precise ground of his charge of whistle-blowing. He must "give the Office of Special Counsel sufficient basis to pursue an investigation which might have led to corrective action." *Knollenberg,* 953 F.2d at 626.

981 F.2d at 526. Ellison's failure to do so deprived the Board of jurisdiction to hear his appeal for corrective action.

The Board's decision to dismiss Ellison's IRA appeal was therefore supported by substantial evidence and was not arbitrary, ca-

pricious, an abuse of discretion, or contrary to law.

## CONCLUSION

Ellison's complaint to the OSC failed to show entitlement to corrective action, and under the WPA, the Board was limited to the issues addressed by the OSC. The Board did not err in refusing to consider Ellison's assertions that he made a protected disclosure to the agency IG and its decision to dismiss Ellison's IRA appeal for lack of jurisdiction is affirmed.

*AFFIRMED.*