19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anne H. SMITH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3557.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1994.
 
 Before MICHEL, CLEVENGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Anne H. Smith seeks review of the final decision of the Merit Systems Protection Board, Docket No. PH1221930108-W-1, dismissing her Individual Right of Action (IRA) appeal under 5 U.S.C. Sec. 1221(a) (Supp. IV 1992) for lack of jurisdiction. Because Ms. Smith did not establish that she made a protected disclosure under 5 U.S.C. Sec. 2302(b)(8) (1988 & Supp. IV 1992), this court affirms.
 
 OPINION
 
 2
 Ms. Smith was employed as a GS-09 Data Management Specialist with the Department of the Navy, Naval Aviation Depot, Norfolk, Virginia (agency). On August 3, 1992, Ms. Smith filed a complaint with the Office of Special Counsel (OSC). She claimed that the agency did not promote her to GS-11 Data Management Specialist in reprisal for whistleblowing activity. 5 U.S.C. Sec. 2302(b)(8).
 
 
 3
 Ms. Smith wrote a letter in September 1991 in support of an employee who later filed an Unfair Labor Practice (ULP) complaint. Ms. Smith was to be called as a witness in the ULP case. Ms. Smith also claimed to have made a statement adverse to management during an interview with an agency representative. These acts formed the basis of her section 2302(b)(8) complaint. On September 25, 1992, the OSC denied Ms. Smith's claim, because she provided no facts showing a protected disclosure of information under section 2302(b)(8).
 
 
 4
 On November 30, 1992, Ms. Smith filed an IRA appeal to the Board. 5 U.S.C. Sec. 1214(a)(3)(A)(i) (Supp. IV 1992). The agency sought to dismiss the appeal because participation in a ULP proceeding is not whistleblowing within the meaning of section 2302(b)(8). The Board dismissed the petitioner's appeal on April 23, 1993. Smith v. Department of Navy, No. PH1221930108-W-1 (M.S.P.B. April 23, 1993). The Board found that Ms. Smith did not establish a protected disclosure under section 2302(b)(8). Instead, the Board held that Ms. Smith is protected against reprisal only under 5 U.S.C. Sec. 2302(b)(9) (1988 & Supp. IV 1992) and 5 U.S.C. Sec. 7116(a)(4) (1988). Therefore, the Board concluded that it lacked jurisdiction. On August 11, 1993, the Board denied Ms. Smith's petition for review, rendering the initial decision final. 5 C.F.R. Sec. 1201.113(b) (1993). Ms. Smith appeals.
 
 
 5
 In order to establish Board jurisdiction over her IRA appeal, Ms. Smith must demonstrate by a preponderance of the evidence that her disclosure is within the scope of section 2302(b)(8) and that it was a contributing factor in the agency's failure to promote her. 5 U.S.C. Sec. 1221(e)(1) (Supp. IV 1992); 5 C.F.R. Sec. 1209.7 (1993); Spruill v. Merit Sys. Protection Bd., 978 F.2d 679 (Fed.Cir.1992). In Ellison v. Merit Sys. Protection Bd., 7 F.3d 1031 (Fed.Cir.1993), this court stated that the facts underlying a section 2302(b)(9) disclosure could serve as the basis for a section 2302(b)(8) disclosure only if they establish fraud, waste, or abuse as contemplated by the Whistleblower Protection Act. Id. at 1035. As this court further noted, however, the complaint must contain substantive details establishing jurisdiction. Id. at 1036. "[T]he mere recitation of a basis for jurisdiction by a party is not sufficient." Id.
 
 
 6
 Ms. Smith's complaint to the OSC failed to provide any specific facts that could support a finding that the disclosure falls within the scope of section 2302(b)(8). This court discerns no error in the Board's conclusion that Ms. Smith's disclosures, "which consisted of assisting an employee in an unfair labor practice complaint and participating in the agency's investigation," were within the scope of section 2302(b)(9), but not section 2302(b)(8).
 
 
 7
 Although Ms. Smith still does not specify the contents of the disclosed information, she now claims on appeal that it pertains to mismanagement of a disciplinary action against a female coworker. However, "the test of the sufficiency of an employee's charges of whistleblowing to the OSC is the statement that the employee makes in the complaint requesting corrective action under 5 U.S.C. Sec. 1214, not the employee's post hoc characterization of those statements." Ellison, 7 F.3d at 1036. Ms. Smith did not provide in her original OSC complaint a clear and precise factual basis for a section 2302(b)(8) disclosure.
 
 
 8
 This court will reverse a decision of the Board that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). This court finds no reason to reverse the decision of the Board dismissing Ms. Smith's appeal.