

Before MAYER, Chief Judge,
BRYSON, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Lourdes B. Sherwood petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SF–3443–02–0035–I–1, 91 M.S.P.R. 669, dismissing her appeal for lack of jurisdiction. We *affirm.*

**Lourdes B. SHERWOOD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3191.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 6, 2002.

## BACKGROUND

Ms. Sherwood is employed as a part-time civilian pay technician at the Department of Veterans Affairs Medical Center in San Diego, California. She filed an appeal with the Board contending that the Department of Veterans Affairs ("DVA") had improperly denied her request for leave under the Family and Medical Leave Act ("FMLA") and had improperly failed to promote her.

The administrative judge assigned to the case issued an order directing Ms. Sherwood to provide evidence and argument showing that the Board had jurisdiction over the matter. In response to that order, Ms. Sherwood argued that the DVA had unlawfully denied her request for FMLA leave to attend to her husband, who was ill, and that the agency had improperly failed to promote her, both in retaliation for prior appeals that she had filed to the Board and to the Equal Employment Opportunity Commission.

The DVA moved to dismiss Ms. Sherwood's appeal on the ground that the Board lacked jurisdiction over her claims. In addition, the DVA argued on the merits that Ms. Sherwood had failed to submit a proper request for FMLA leave and that she was not eligible for promotion because she did not yet have one year of specialized experience.

The administrative judge ruled that the Board lacked jurisdiction and therefore dismissed Ms. Sherwood's appeal. The administrative judge explained that the denial of FMLA leave and the failure to promote are not agency actions that fall within the Board's jurisdiction, and that absent an otherwise appealable action Ms. Sherwood's allegations of discrimination and reprisal did not independently give the Board jurisdiction to address her claims. The full Board denied Ms. Sherwood's petition for review, and this appeal followed.

## DISCUSSION

 The administrative judge correctly held that an agency's failure to promote an employee is not an action that is appealable to the Board. *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed.Cir.1993). Likewise, the Board has no statutory jurisdiction over the denial of leave requested pursuant to the FMLA. *See* 5 U.S.C. § 7512 (listing those agency actions that are subject to Board jurisdiction). Moreover, the Board lacks appellate jurisdiction over a claim of discrimination or reprisal unless the claim is tied to an otherwise appealable matter. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245–46 (Fed.Cir.1991) (en banc). Because Ms. Sherwood failed to point to any agency action that was independently appealable to the Board, the Board properly dismissed her claims for lack of jurisdiction.

Ms. Sherwood argues that the administrative judge improperly failed to consider her discovery motions and that the DVA failed to comply with her requests for information under the Privacy Act and the Freedom of Information Act. The administrative judge properly denied Ms. Sherwood's motion for discovery because the discovery she sought was not relevant to the jurisdictional determination but instead related to the merits of issues as to which the Board lacked jurisdiction. In addition, the enforcement of the Privacy Act and Freedom of Information Act is not within the Board's limited statutory jurisdiction, and she was therefore not entitled to relief from the Board under those statutes.