NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3079

LAURA WASHINGTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  July 7, 2005

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and LOURIE, <u>Circuit Judges</u>.

PER CURIAM.

Laura Washington petitions for review of the final decision of the Merit Systems Protection Board sustaining the reconsideration decision of the Office of Personnel Management ("OPM") denying Washington's application for disability retirement benefits under the Federal Employees Retirement System ("FERS").  <u>Washington v. Office of Pers. Mgmt.</u>, No. DC-844E-04-0586-I-1 (M.S.P.B. Sept. 15, 2004).  We <u>affirm</u>.

BACKGROUND

Laura Washington was formerly an Internal Revenue Agent with the Internal Revenue Service.  On June 28, 2003, Washington filed an application for disability retirement, claiming that she was unable to perform her job duties due to anxiety disorder and depression.  <u>Washington</u>, slip op. at 2.  OPM denied Washington's

application because she failed to prove that she had a medical condition of sufficient severity to prevent her from successfully performing her job duties. Id. Washington timely appealed to the Board from OPM's decision.

Based on the parties' written submissions, the Administrative Judge ("AJ") sustained OPM's denial of Washington's application for disability retirement. Considering the medical documentation in the record, the AJ determined that Washington failed to prove that her disability prevents her from performing her job duties. Id., slip op. at 4. For example, according to the AJ, psychiatric evidence was submitted with Washington's application, namely, a report from Dr. Stephen Rojcewicz. Id., slip op. at 5. Although Dr. Rojcewicz opined that Washington's condition would worsen if a "reasonable accommodation" were not provided, he did not conclude that Washington was totally incapacitated from work. Id. Moreover, the AJ found that even if Washington provided sufficient evidence to prove that she was disabled, she did not submit any evidence establishing the degree to which her condition could or could not have been controlled. Id.

Washington did not petition the full Board for review of the AJ's initial decision, rendering that decision final. Washington timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or

unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). Moreover, when OPM denies an application for disability retirement under FERS, we are precluded from reviewing the factual underpinnings of that decision, and our review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985) (citation omitted).

On appeal, Washington contends that the Board either misunderstood or failed to consider several significant facts in the record that support her application for disability retirement, including her anemia and hyperthyroidism, the circumstances surrounding her transfer to the Washington, D.C. office, and various medical reports and laboratory data. She, however, does not assert any error of law or procedure by the Board, nor have we discerned any such error ourselves. Because the correctness of OPM's decision rests completely on findings of fact, which we are precluded from reviewing on appeal, we must affirm the Board's decision.