NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3170

LENARD A. FOOTLAND,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Lenard A. Footland, of Arlington, Virginia, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Stephanie M. Conley, Acting Assistant General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3170

LENARD A. FOOTLAND,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC3443070595-I-1 and DC3443070614-I-1.

_____

DECIDED: October 8, 2008

_____

Before MAYER, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Lenard A. Footland appeals a final decision of the Merit Systems Protection Board dismissing his two appeals for lack of jurisdiction. See Footland v. Dep't of Commerce, Nos. DC-3443-07-0595-I-1, DC-3443-07-0614-I-1 (M.S.P.B. Dec. 19, 2007). We affirm.

Footland is employed as a patent examiner at the United States Patent and Trademark Office ("USPTO"). In May 2007, he filed two appeals challenging the USPTO's failure to select him for positions as a Quality Assurance Examiner and an

Administrative Patent Judge. Footland alleged that the USPTO did not select him for these positions because it improperly gave preference to minority and female candidates.

In a decision dated August 30, 2007, an administrative judge determined that the board lacked jurisdiction over Footland's appeals. This decision became the final decision of the board when the board denied Footland's petition for review.

Whether the board has jurisdiction over an appeal is a question of law that we review <u>de novo</u>. <u>Johnston v. Merit Sys. Prot. Bd.</u>, 518 F.3d 905, 909 (Fed. Cir. 2008). The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation. <u>Id.</u> Because no law, rule or regulation gives the board jurisdiction over a non-selection for promotion, the board properly dismissed Footland's appeal. <u>See</u> 5 U.S.C. § 7512 (describing appealable personnel actions); <u>Ellison v. Merit Sys. Prot. Bd.</u>, 7 F.3d 1031, 1034 (Fed. Cir. 1993) ("[N]o law, rule, or regulation authorizes a direct appeal to the Board respecting a nonselection for promotion.").

Footland contends that the board has jurisdiction over his appeal because 5 C.F.R. § 300.104(a) gives it authority to review an agency's "employment practices." That regulation, however, expressly limits the board's jurisdiction to employment practices that are applied or administered by the Office of Personnel Management ("OPM"). <u>See</u> <u>Prewitt v. Merit Sys. Prot. Bd.</u>, 133 F.3d 885, 887 (Fed. Cir. 1998). As the administrative judge correctly determined, Footland failed to make a non-frivolous allegation that OPM had any involvement with the USPTO's alleged practice of granting preferences to women and minorities when making promotion decisions.

Footland argues that the administrative judge should have ordered the board to conduct a study of the federal civil service. We disagree. Although the board has authority to conduct studies of the civil service, <u>see</u> 5 U.S.C. § 1204(a)(3), an individual has no right to compel the board to conduct such studies. We have considered Footland's remaining arguments, but find them unpersuasive.