NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RADOMYSL TWARDOWSKI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3177

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-13-0272-W-1.

---

Decided: December 10, 2015

---

RADOMYSL TWARDOWSKI, Fargo, ND, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Radomysl Twardowski appeals the decision of the Merit Systems Protection Board ("Board") to dismiss his petition for lack of jurisdiction. For the reasons stated below, we *affirm*.

## BACKGROUND

On March 12, 2012, Dr. Twardowski was appointed Chief Medical Officer at the Army's Military Entry Processing Command ("MEPCOM") station in Fargo, North Dakota. During Dr. Twardowski's one-year probationary period, several recruits submitted complaints about his allegedly inadequate bedside manner. On October 25, MEPCOM terminated Dr. Twardowski from his position, citing the complaints and concluding that Dr. Twardowski could not be trusted to "process applicants consistently, professionally and in accordance with established DOD and USMEPCOM standards." R.A. 25. The termination letter was signed by Captain T.A. Lewis. *Id.*

On November 7, 2012, Dr. Twardowski filed a complaint with the Office of Special Counsel ("OSC") challenging the termination. Dr. Twardowski alleged that his termination was not because of complaints from recruits, but because he resisted pressure from the station commander to hasten medical evaluations and to lower standards by ignoring disqualifying medical conditions.

On March 27, 2013, the OSC concluded that Dr. Twardowski's complaint did not evidence any prohibited personnel practice, as defined by the Whistleblower Protection Act ("WPA") and codified at 5 U.S.C. § 2302(b). The OSC explained that Dr. Twardowski did not appear to be engaged in protected whistleblower activity, as defined in § 2302(b)(8), because his disagreements with the station officer concerned only policy decisions. The OSC also explained that MEPCOM complied with its requirements for terminating an employee during proba-

tion, when an agency may terminate the employee without cause. OSC closed the investigation on April 9, 2015.

On April 30, 2013, Dr. Twardowski petitioned the Board with the same allegations he had made to the OSC. The Board issued an order requesting evidence establishing Board jurisdiction over the matter. In response, Dr. Twardowski alleged that he made a "protected disclosure" around September 12, 2012, when he told Dr. William Thompson (a CMO at a different station) that he was being pressured "to look away from the due process of medical evaluation" and to "paper over any potentially disqualifying conditions." R.A. 9. Dr. Twardowski argued that this discussion was a contributing factor to his termination "because it reinforced differences in the approaches and attitudes which guided my work, which I believed was faithfully guided by the charter of MEPS CMO assigned to the contract, vs. reality of the culture of looking away from due diligence." R.A. 9.

The Board dismissed the case for lack of jurisdiction because Dr. Twardowski's "conclusory, vague, and unsupported" complaints did not constitute non-frivolous allegations of prohibited personnel practices. R.A. 9. The Board found that the comments he made to Dr. Thompson were not a protected disclosure, and a lack of evidence that a protected disclosure contributed to Dr. Twardowski's termination. Dr. Twardowski appeals. We *affirm*.

## DISCUSSION

Our review of a Board decision is circumscribed by statute. We can set the decision aside only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review decisions of the Board regarding its own jurisdiction without deference. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

Under the WPA, an employee who believes he was retaliated against for making a protected disclosure may seek corrective action from the OSC, and if such action is denied, appeal to the Board. *See* 5 U.S.C. §§ 1214(a)(3), 1221(a). The Board has jurisdiction over such an appeal if the appellant has exhausted his remedies before the OSC and makes a non-frivolous allegation that (1) he engaged in whistleblowing activity by making a "protected disclosure," and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Section 2302(b)(8) defines a "protected disclosure" as any disclosure by an employee that the employee reasonably believes evidences: (1) a violation of any law, rule, or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) an abuse of authority; or (5) a substantial and specific danger to public health or safety.

"The standard for determining whether non-frivolous disclosures exist is analogous to that for summary judgment." *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (internal quotation marks omitted). The petitioner must show the existence of a material fact issue, which cannot be supported by only unsubstantiated speculation. *Id.* The Board may only review those disclosures and personnel actions that an appellant specifically raised before the OSC, and it may not consider any subsequent re-characterization of those charges on appeal to the Board. *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1037 (Fed. Cir. 1993).

On the record before us, the Board did not err in concluding that Dr. Twardowski failed to establish a non-frivolous claim of prohibited personnel practices. Specifically, Dr. Twardowski has explained no connection between his conversation with Dr. Thompson, an apparent

mentor at a different station hundreds of miles away, and his termination by the deciding official, Captain Lewis.[1]

The Board noted that Dr. Twardowski has not put forth any reason to believe that Lewis or anybody else had any knowledge of the conversation between Drs. Twardowski and Thompson. "[T]he action taken by the agency officials must be weighed in light of what they knew at the time they acted." *Yunus*, 242 F.3d at 1372. For this reason, the Board typically requires a showing that the deciding official had actual or constructive knowledge of the protected disclosure. *See Pope v. Dep't of Navy,* 44 M.S.P.R. 289, 295 (M.S.P.B. 1990). Dr. Twardowski has alleged no such knowledge.

To be sure, an employee may not always have direct evidence of the deciding official's knowledge or of the official's intent to retaliate. But in such circumstances, the employee must provide at least *some* circumstantial evidence from which a reasonable person might conclude that the employment action was retaliatory. For example, the employee may cite weak agency reasoning or a disclosure that implicates the deciding official. *See Powers v. Dep't of Navy*, 69 M.S.P.R. 150, 156 (M.S.P.B. 1995). Dr. Twardowski has cited no such circumstantial evidence in this case. There is also no allegation or evidence indicating that Dr. Twardowski's conversation with Dr. Thompson implicated Captain Lewis or would have otherwise motivated the captain to retaliate against Dr. Twardowski. In short, there is no evidence suggesting retaliation. Instead, the record suggests that Dr. Twardowski was removed because of what he described as "differences in the approaches and attitudes" with super-

---

[1] In a letter to the OSC, Dr. Twardowski indicated that he "patterned [his] work after the example of seasoned, experienced CMO's," including "Dr. William Thompson from Des Moines, IA." R.A. 38.

visors, which "became too large to bridge." R.A. 42. In addition, the removal occurred during Dr. Twardowski's probationary period.

Given that Dr. Twardowski failed to make a nonfrivolous allegation that his alleged disclosure was a contributing factor in the agency's decision to separate him during his probationary period, we see no error in the Board's determination that it lacked jurisdiction over this petition.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**