## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PIERRE PRESNA,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
PH-1221-20-0091-W-1

DATE: July 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ashling Soares</u>, Esquire, Westport, Connecticut, for the appellant.

<u>Kimberly Jacobs</u>, Esquire, Newington, Connecticut, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In an IRA appeal, the Board may consider only matters that the appellant exhausted before the Office of Special Counsel (OSC) and it is the appellant's burden to prove exhaustion by preponderant evidence. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368 n.2 (Fed. Cir. 2020). The purpose of the requirement that an appellant exhaust his remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). To serve exhaustion's intended purpose, the appellant must articulate to OSC the basis of his request for corrective action "with reasonable clarity and precision," giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993); *Ward*, 981 F.2d at 526.

For the first time on review, the appellant submits a sworn affidavit, dated after the close of the record below, in which he reiterates the allegations regarding his employment with the agency that he made in his initial Board

appeal form.  Petition for Review (PFR) File, Tab 1 at 6-8; Initial Appeal File (IAF), Tab 1 at 6.  Under 5 C.F.R. § 1201.115, the Board will generally not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Nevertheless, under the particular circumstances of this case, we find it appropriate to consider the appellant's submission to the extent that it bears on the issue of exhaustion.  However, the appellant's sworn affidavit does not contain any information regarding the substance of his OSC complaint; thus, a different outcome is not warranted here.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

The appellant challenges the merits of the agency's decision to terminate him during his probationary period.[2]  PFR File, Tab 1 at 9-21.  He refers to the pages in his petition for review in which he raises these arguments as his OSC complaint in the table of contents.  *Id*. at 2.  Importantly, he fails to identify any specific disclosures, the dates he made these disclosures, the relevant individuals involved, or any personnel actions related to the disclosures.  The Board and the U.S. Court of Appeals for the Federal Circuit have held that vague and conclusory allegations do not meet the requirement that an appellant exhaust his whistleblower reprisal claims with OSC as required by 5 U.S.C. § 1214(a)(3) because they do not provide OSC with a sufficient basis to pursue an investigation which might lead to corrective action.  *Ellison*, 7 F.3d at 1036; *Schaeffer v. Department of the Navy*, 86 M.S.P.R. 606, ¶ 14 (2000), *overruled on*

---

[2] The appellant filed a petition for review of an initial decision dismissing for lack of jurisdiction his appeal of an agency action terminating him during his probationary period.  *Presna v. Department of Veterans Affairs*, MSPB Docket No. PH-315H-19-0345-I-1, Petition for Review File, Tab 1.  On June 12, 2024, the Board issued a Final Order denying the appellant's petition for review.  *Presna v. Department of Veterans Affairs*, MSPB Docket No. PH-315H-19-0345-I-1, Final Order at 2 (Jun. 12, 2024).

*other grounds by Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 9 n.2 (2010). Because we find that the appellant did not exhaust his administrative remedies with OSC, we need not address the remaining jurisdictional requirements for his IRA appeal. *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 10 (2014) (observing that exhaustion of administrative remedies before OSC is a jurisdictional prerequisite to raising an IRA appeal before the Board).

The June 14, 2019 email and the "fact finding report" submitted by the appellant on review are not new evidence because these documents were submitted below. PFR File, Tab 1 at 23-24; IAF, Tab 1 at 11, 13; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new). Additionally, the appellant's phone screenshots, for which he provides no explanation, are not material to the jurisdictional issue. PFR File, Tab 1 at 25-26; *see Russo*, 3 M.S.P.R. at 349. Because the appellant's evidence does not show that the Board has jurisdiction over his IRA appeal, it does not provide a basis for disturbing the administrative judge's findings.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.