NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EVELYN COURTNEY,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2025-1348

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-23-0417-W-1.

---

Decided:  October 31, 2025

---

EVELYN COURTNEY, Fresno, CA, pro se.

KAREY LAUREN HART, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before TARANTO, STOLL, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Evelyn Courtney petitions for review of a Merit Systems Protection Board ("Board") final order, which denied her petition for review and affirmed the administrative judge's initial decision dismissing the appeal for lack of jurisdiction. *Courtney v. Dep't of the Treasury*, No. SF-1221-23-0417-W-1, 2024 WL 4751396, at *1 (M.S.P.B. Nov. 8, 2024) ("*Final Order*"); *Courtney v. Dep't of the Treasury*, No. SF-1221-23-0417-W-1, 2023 WL 4999244 (M.S.P.B. Aug. 2, 2023) (S. App'x 8–28) ("*Initial Decision*").[1] For the reasons discussed below, we *affirm*.

## I. BACKGROUND

On March 28, 2022, Ms. Courtney was appointed as a Tax Examining Technician in the United States Department of the Treasury, Internal Revenue Service ("IRS"). *Initial Decision* at 8; S. App'x 64. The appointment was subject to a one-year probationary period beginning on the same date. *Initial Decision* at 8; S. App'x 64.

On March 2, 2023, Ms. Courtney submitted a grievance. *Initial Decision* at 9; S. App'x 82. Ms. Courtney alleged that the "[l]ead worker . . . prepares negative remarks on [her] case messages and provides the most cryptic of advice" and "withholds vital information so that [she] cannot perform [her] job duties properly." S. App'x 82; *Initial Decision* at 9. Ms. Courtney also described her belief that the lead worker was "deliberately sabotaging [her] work here at the IRS." S. App'x 82; *see Initial Decision* at 9. As a remedy, Ms. Courtney requested

---

[1]    We refer to the supplemental appendix filed with the government's informal response brief, ECF No. 18, as "S. App'x" throughout this opinion. Citations in this opinion are to the version included in the government's appendix. For example, *Initial Decision* at 1 is found at S. App'x 8.

that the IRS train her and not "allow managers and leads to withhold information that is directly relevant to [her] job duties." S. App'x 82; *see Initial Decision* at 9.

Ms. Courtney's department manager terminated her, effective March 24, 2023. *Initial Decision* at 9; S. App'x 61–63. On April 18, 2023, Ms. Courtney appealed to challenge her termination. *See Initial Decision* at 11. While her appeal was pending, she filed a complaint with the Office of Special Counsel ("OSC"), alleging that her termination was in reprisal for filing a grievance on March 2, 2023. *Id.*; S. App'x 70–80. OSC concluded that the IRS did not terminate Ms. Courtney for reprisal. *Initial Decision* at 11–12; S. App'x 79–81. On June 2, 2023, the administrative judge dismissed the appeal challenging Ms. Courtney's termination based on lack of jurisdiction over a termination occurring during the probationary period. *See generally Courtney v. Dep't of the Treasury,* No. SF-315H-23-0324-I-1, 2023 WL 3793038 (M.S.P.B. June 2, 2023). However, the administrative judge indicated that Ms. Courtney could file an Individual Right of Action ("IRA") appeal covering any whistleblowing claim after exhausting her remedies with OSC. *Id.*; *see Initial Decision* at 11.

On June 4, 2023, Ms. Courtney filed an IRA appeal with the Board. S. App'x 98–100. After the IRA appeal was filed, the Board requested additional information to determine whether it had jurisdiction over the appeal. S. App'x 87–96. In response to the "whistleblower jurisdiction order," *id.*, Ms. Courtney repeated allegations that she previously submitted when she filed her March 2, 2023 grievance. *See* S. App'x 65–68. Ms. Courtney also made new disclosures of injury, touching, cursing, and other improper conduct from coworkers and supervisors. *Initial Decision* at 10–11; S. App'x 65–68.

On August 2, 2023, the administrative judge dismissed the IRA appeal for lack of jurisdiction. *Initial Decision* at 1.

The administrative judge determined that Ms. Courtney had exhausted her complaint with OSC with respect to the March 2, 2023 grievance, but not with respect to the new disclosures and complaints listed in her jurisdictional statement. *Id.* at 12. Specifically, the administrative judge concluded that Ms. Courtney failed to "exhaust [before OSC] any potential complaints related to her injury or being 'chased' by another employee, being touched by a coworker, or that coworkers cursed at work." *Id.* The administrative judge further found that her March 2, 2023 grievance did not raise protected disclosures or qualify as protected activity to support Board jurisdiction. *Id.* at 12–13. Ms. Courtney petitioned for review of the initial decision to the Board. *Final Order* at *1. On November 8, 2024, the Board denied Ms. Courtney's petition for review and affirmed the administrative judge's initial decision dismissing her IRA appeal for lack of jurisdiction. *Id.* at *1.

Ms. Courtney timely petitioned for review in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

We will set aside any action, findings, or conclusions of the Board that are: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021) (quoting 5 U.S.C. § 7703(c)). "We review decisions of the Board regarding its own jurisdiction without deference." *Kahn v. Dep't of Just.*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

To establish the Board's jurisdiction over an IRA appeal, the appellant must "show by preponderant evidence that (1) [she] engaged in whistleblowing activity by making a disclosure protected by 5 U.S.C. § 2302(b)(8); (2) the agency took or threatened to take a 'personnel action'

against [her] as defined in 5 U.S.C. § 2302(a)(2)(A); (3) [she] sought corrective action from OSC; and (4) [she] exhausted corrective action proceedings before OSC." *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1574 (Fed. Cir. 1996). Furthermore, the Board "lacks jurisdiction when the employee seeks corrective action for a prohibited personnel practice described in section 2302(b)(9)(A)(ii), which concerns 'the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation . . . other than with regard to remedying a violation of [section 2302(b)(8)].'" *Abutalib v. Merit Sys. Prot. Bd.*, 127 F.4th 373, 378 (Fed. Cir. 2025).

## A.

Although Ms. Courtney has raised several potential allegations, Appellant's Br. 1–2,[2] the Board did not err in finding that she had only exhausted her OSC remedies with respect to her claim that the IRS retaliated against her for filing the March 2, 2023 grievance. *Initial Decision* at 12. "[I]f the personnel action challenged by the employee is not otherwise directly appealable to the Board, the employee must first seek corrective action from the OSC." *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1035 (Fed. Cir. 1993) (citing 5 U.S.C. §§ 1214(a)(3), 1221(a), (b)). "The Board's jurisdiction over an IRA appeal, assuming the employee does not have an independent right to appeal directly to the Board, is thus limited to those issues that have been previously raised with OSC." *McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 1374 (Fed. Cir. 2016) (internal quotation marks and citation omitted).

Even though Ms. Courtney raised several allegations at the Board, "[t]he appellant's submissions to OSC, the emails with OSC, and the OSC closeout letter only refer to the grievance." *Initial Decision* at 12. Accordingly, the

---

[2]    We cite to the ECF page numbers.

administrative judge concluded that "the appellant proved administrative exhaustion with respect to the grievance but not other complaints." *Id.* Additionally, although Ms. Courtney now raises a failure to follow proper procedure under the Civil Service Reform Act and the union agreement, neither of these alleged failures were discussed in the grievance. Appellant's Br. 2; S. App'x 82. *See Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020). We likewise see no reversible error in the Board's conclusion that administrative exhaustion was limited to the aforementioned grievance.

## B.

The Board did not err in finding that Ms. Courtney's grievance did not raise a protected disclosure and could not be classified as a protected activity over which it had jurisdiction. *Initial Decision* at 12–13. "In order for the Board to have jurisdiction over an IRA appeal" over whistleblowing charges, Ms. Courtney must show by a preponderance of the evidence "that [she] engaged in whistleblower activity by making a disclosure protected under the [statute], i.e., [she] disclosed information that [she] reasonably believed evidenced 'a violation of law, rule, or regulation,' 5 U.S.C. § 2302(b)(8)(A)(i), or 'gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety,' 5 U.S.C. § 2302(b)(8)(A)(ii)." *Herman v. Dep't of Just.*, 193 F.3d 1375, 1378 (Fed. Cir. 1999) (emphasis omitted). Ms. Courtney did not raise any protected disclosures in her grievance.

First, Ms. Courtney's grievance does not contain allegations of a "violation of any law, rule, or regulation." 5 U.S.C. § 2302(b)(8)(A)(i); S. App'x 82. Second, her statements do not arise to the level of disclosing "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A)(ii). Ms. Courtney's

grievance only contains allegations of insufficient training, which constitute a "[m]ere difference[ ] of opinion between an employee and [her] agency superiors as to the proper approach to a particular problem or the most appropriate course of action" not arising "to the level of gross mismanagement." *White v. Dep't of the Air Force*, 391 F.3d 1377, 1381 (Fed. Cir. 2004); *see* S. App'x 82. Moreover, Ms. Courtney's allegations contain disagreements with the method of training and feedback she received from her supervisors. S. App'x 82. In the past, we have adopted definitions of "abuse of authority" as "an arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person" or is "inconsistent with the mission of the executive agency concerned." *Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1351–52 (Fed. Cir. 2022) (adopting definitions from *Wheeler v. Dep't of Veterans Affs.*, 88 M.S.P.R. 236, 241 (2001) and 41 U.S.C. § 4712(g)(1)). These disagreements with the method of training and feedback do not amount to an abuse of authority.

Additionally, Ms. Courtney's act of filing the grievance is not a protected activity. Even though filing a grievance may be protected activity, the Board lacks jurisdiction in IRA appeals concerning grievances unless the grievance "seek[s] to remedy a violation of [5 U.S.C. §] 2302(b)(8)." *Young*, 961 F.3d at 1329; *Abutalib*, 127 F.4th at 378. As discussed earlier, the subject matter of the grievance does not seek to remedy a violation of 5 U.S.C. § 2302(b)(8). Thus, Ms. Courtney's act of filing the grievance does not establish the Board's jurisdiction.

### III. CONCLUSION

We have considered Ms. Courtney's remaining arguments[3] and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

Costs

No costs.

---

[3] For example, Ms. Courtney argues that the Board did not consider that "the new director had never met [her] prior to terminating [her] employment" and that she had submitted a "zip file containing falsified job evals about [her] to the previous director." Appellant's Br. 2 (cleaned up). However, Ms. Courtney does not explain how consideration of these additional circumstances would establish Board jurisdiction, as none of these issues were specifically discussed in her grievance. S. App'x 82; *see Young*, 961 F.3d at 1328 ("A party cannot establish jurisdiction through general assertions, but must provide substantive details.").