NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VAUGHN HOEFLIN STANDLEY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-2082

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0091-W-1.

---

Decided: November 13, 2017

---

VAUGHN HOEFLIN STANDLEY, Gainesville, VA, pro se.

TARA JEAN KILFOYLE, Office of General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE M. SMITH, JEFFREY A. GAUGER.

---

Before PROST, *Chief Judge*, WALLACH and HUGHES, *Circuit Judges*.

PER CURIAM.

Petitioner Vaughn Hoeflin Standley appeals a final order of the Merit Systems Protection Board ("MSPB") dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. *See Standley v. Dep't of Energy*, No. DC-1221-17-0091-W-1, 2017 WL 1374922 (M.S.P.B. Apr. 13, 2017) (Resp't's App. 1–11). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012). We affirm.

BACKGROUND

In a related opinion also issued today, we addressed the scope of Mr. Standley's separate appeal involving the U.S. Department of Energy ("DOE") where he alleged that his supervisor frustrated his attempts to compete for a director position in retaliation for alleged protected disclosures regarding the third iteration of the Space Atmospheric Burst Reporting System ("SABRS3"). *See Standley v. Merit Sys. Prot. Bd.* (*Standley I*), No. 2017-1691 (Fed. Cir. Nov. 13, 2017). In *Standley I*, we affirmed the MSPB's final decision dismissing Mr. Standley's appeal for lack of jurisdiction because Mr. Standley failed to non-frivolously allege violations of the Whistleblower Protection Act ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified as amended by Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, 126 Stat. 1465 in scattered sections of 5 U.S.C.). *See Standley I*, slip op. at 10. We presume familiarity with the facts as recited in *Standley I*, and recite additional facts as necessary to address subsequent developments here.

In December 2015, three months after the Office of Special Counsel ("OSC") terminated Mr. Standley's OSC complaint related to his attempts to compete for a director position in *Standley I*, *see id.* at 3, Mr. Standley filed a

new complaint with the OSC*, see* Resp't's App. 76–85.[1] In the Second Complaint, Mr. Standley alleged that, in retaliation for his "09/23/2015 disclosure," referring to a disclosure on September 23, 2015, in the form of a letter sent to "Rose Gottemoeller, Under Secretary of State for Arms Control and International Security Affairs," *id.* at 70, *see id.* at 86−89, stating that his director "was obstructing the 2008 National Defense Authorization Act [('2008 NDAA')]," the DOE gave him a lower annual performance rating in November 2015 than he deserved, *id.* at 78; *see id.* at 78–79. Mr. Standley did not further explain or attach evidence to his Second Complaint for any of these aforementioned disclosures.

In an August 2016 preliminary determination letter, the OSC explained that the Second Complaint's alleged protected disclosure appeared to be the same as those being appealed in *Standley I*. *See id.* at 74–75. The OSC did not specifically address the alleged disclosure of the September 23, 2015 letter. *See id.* Therefore, because "the MSPB [previously] found [Mr. Standley's] disclosure urging the agency to implement SABRS3 [was] not protected but instead . . . a disagreement over agency policy," and the "OSC litigates cases before the MSPB," the OSC was "bound by" the administrative judge's ("AJ") conclusion. *Id.* at 75.

In his response to the Preliminary Determination Letter, Mr. Standley clarified certain alleged protected disclosures forming the basis for his Second Complaint and reported "additional facts and allegations . . . that [we]re new since filing" the Second Complaint. *Id.* at 63; *see id.* at 65−73. In relevant part, he argued that the September 23, 2015 letter was a protected disclosure under

---

[1] For ease of reference, we refer to the complaint reviewed in *Standley I* as "First Complaint" and the complaint under review here as "Second Complaint."

§ 2302(b)(8). He also argued that the act of filing a DOE grievance, the First Complaint, and the IRA appeal in *Standley I* were protected activities under 5 U.S.C. § 2302(b)(9)(A)(i). *See id.* at 63–67, 71–72. And he indicated that a copy of the September 23, 2015 letter was sent to the OSC. *Id.* at 70.

In September 2016, the OSC informed Mr. Standley that it had investigated and "made a final determination to close [his] file." *Id.* at 60; *see id.* at 61–62. While it agreed that Mr. Standley's September 23, 2015 alleged disclosure "pertained to a different aspect of the SABRS3 program," the OSC stated that an "AJ would similarly conclude that it concerns disagreements over matters of government policy." *Id.* at 61. The OSC found that Mr. Standley's allegations regarding retaliation for "filing an administrative grievance, an IRA with the MSPB, or [the First Complaint]" were new allegations raised for the first time in his response to the Preliminary Determination Letter. *Id.* The OSC informed Mr. Standley of its policy "to ask complainants to file a new complaint if they want OSC to evaluate a new allegation that they raised after [OSC] ha[s] already issued a preliminary determination letter." *Id.* Mr. Standley did not file a new complaint but instead filed an IRA appeal with the MSPB. *Id.* at 47–59.

In February 2017, an AJ dismissed all but one of Mr. Standley's claims for lack of jurisdiction for reasons other than failure to exhaust administrative remedies at the OSC. *See id.* at 16–30. The AJ found it lacked jurisdiction over: (1) the claim that Mr. Standley was not selected for the director position in May 2015 based on filing the DOE grievance underlying *Standley I* because Mr. Standley failed to non-frivolously allege that his grievance sought to remedy a violation of § 2302(b)(8), as required

under § 2302(b)(9)(A)(i),[2] *id.* at 21−22; (2) the alleged disclosure in the September 23, 2015 letter, because it related to a policy dispute rather than a violation of law, *id.* at 22−23; and (3) the claim that Mr. Standley was retaliated against for filing the IRA appeal underlying *Standley I* because he failed to non-frivolously allege that the IRA appeal "was a contributing factor" in his negative performance review, *id.* at 25. Then in April 2017, after a hearing, the AJ dismissed for lack of jurisdiction Mr. Standley's final claim that he was retaliated against for disclosing his September 23, 2015 letter to the OSC.[3] *See id.* at 4–5. The AJ found that it was required to defer to the OSC's determination that the OSC "did not have the opportunity to consider" Mr. Standley's allegations related to his alleged disclosure "when he copied [the] OSC on the September 23, 2015 letter." *Id.* Mr. Standley did not file a petition for review with the MSPB, so the AJ's decision became the final MSPB decision, *id.* at 5, which Mr. Standley appealed.

## DISCUSSION

### I. Standard of Review and Legal Standard

We review the MSPB's legal determinations, including whether the MSPB has jurisdiction over an appeal de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). "The petitioner bears the burden of establishing error in the [MSPB]'s decision." *Harris v.*

---

[2]    Section 2302(b)(9)(A)(i) prevents, in relevant part, retaliation because of "the exercise of any appeal, complaint, or grievance right . . . with regard to remedying a violation of paragraph (8)."

[3]    The AJ noted that "[Mr. Standley] never specifically raised this argument to [the] OSC, but rather [the AJ] inferred it from [Mr. Standley's] pleadings and the document itself." Resp't's App. 4 n.2 (citation omitted).

*Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Congress has provided federal employees the right to seek corrective action from the MSPB whenever personnel action is taken in retaliation for whistleblowing activities. *See* 5 U.S.C. § 1221(a) ("Subject to the provisions of subsection (b) of this section and subsection 1214(a)(3), an employee . . . may, with respect to any personnel action taken . . . as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9) . . . seek corrective action from the [MSPB].") Under 5 U.S.C. § 1214(a)(3), except where an employee has a right of direct appeal to the MSPB, the MSPB only has jurisdiction over whistleblower cases if an employee has exhausted his administrative remedies before the OSC. *See id.* § 1214(a)(3) (requiring that an employee first "seek corrective action from the [OSC] before seeking corrective action from the [MSPB]").

In determining if an employee has exhausted his remedies, we look to "the complaint to OSC requesting corrective action, . . . not the employee's subsequent characterization of that statement in his appeal to the [MSPB]." *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1577 (Fed. Cir. 1996) (citation omitted). The employee must also "articulate with reasonable clarity and precision [before OSC] the basis for his request for corrective action under the WPA" to allow OSC to effectively pursue an investigation. *Id.* (internal quotation marks and citation omitted); *see Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992) (noting that "the employee must inform the [OSC] of the precise ground of his charge of whistleblowing").

## II. The MSPB Lacks Jurisdiction over Mr. Standley's Appeal

Mr. Standley argues that the AJ "erred as a matter of law" by "requiring precise details of . . . each specific

whistleblower disclosure to find that OSC administrative remedies were exhausted," Pet'r's Br. 9; *see id.* at 9–19, and by "wrongly den[ying]" his claims as "a policy issue," *id.* at 19; *see id.* at 19–28. We disagree.[4]

Mr. Standley failed to exhaust his claims relating to copying the OSC on the September 23, 2015 letter, as well as those related to filing the administrative grievance, the First Complaint to OSC, and the IRA appeal resulting in *Standley I*, by not providing the OSC a sufficient basis to pursue an investigation that could lead to corrective action, as required by *Ward*. We have previously explained that a petitioner must inform the OSC of the "precise ground" for his charge of whistleblowing. *Ward*, 981 F.2d at 526; *see Ellison v. Merit Sys. Prot. Bd.,* 7 F.3d 1031, 1036 (Fed. Cir. 1993) ("[T]he test of the sufficiency of an employee's charges of whistleblowing to the OSC is the statement that the employee makes in the complaint requesting corrective action under 5 U.S.C. § 1214 . . . ." (citation omitted)). Mr. Standley has failed to meet this requirement for two reasons.

First, in the Second Complaint, Mr. Standley does not allege retaliation against him for any appeal, complaint, or grievance right. *See* Resp't's App. 76–85. Instead, Mr. Standley's claims that his supervisor retaliated against him for disclosing information to the OSC, and for filing a grievance and IRA appeal, were only first mentioned in his Response to the Preliminary Determination Letter that he submitted more than 260 days after filing his Second Complaint. *See id.* at 63, 71–73, 86–89. However,

---

[4]    We dismiss Mr. Standley's § 2302(b)(8) claim related to the alleged disclosures in the September 23, 2015 letter for the same reasons we dismissed the alleged disclosures in *Standley I*, namely, that they relate to a policy dispute rather than a violation of law. *See Standley I*, slip op. at 8–9.

responses to preliminary determination letters must only "address the reasons" cited in reaching the preliminary determination. *Id.* at 75. Anything more will not "give the [OSC] sufficient basis to pursue an investigation," as required to satisfy the exhaustion requirement. *Ellison*, 7 F.3d at 1037 (citation omitted).

Second, Mr. Standley never explicitly raised the claim that copying the OSC on the September 23, 2015 letter led to retaliation in violation of § 2302(b)(9)(C).[5] *See* Respt's App. 63−73, 76−85; *see also id.* at 4 n.2 (describing the AJ's inference of Mr. Standley's § 2302(b)(9)(C) claim and acknowledging the OSC's failure to address this potential claim). We agree that Mr. Standley did not allege this violation with sufficient precision to allow the OSC to conduct an investigation.

Mr. Standley's citation to *Briley v. National Archives & Records Administration*, 236 F.3d 1373 (Fed. Cir. 2001), Pet'r's Br. 17, does not persuade us otherwise. In *Briley*, we recognized that despite the employee giving "a more detailed account of her whistleblowing activities [in front of the AJ] than she did in her letters to the OSC," her letters to the OSC "nevertheless contain[ed] the core of [her] retaliation claim." 236 F.3d at 1378. Thus, we found the complaint and further letters that the employee sent to the OSC provided a sufficient basis to pursue an investigation, "satisfy[ing the employee's] obligation to seek corrective action and exhaust her remedies before the OSC." *Id.* In contrast, neither Mr. Standley's Second Complaint nor his subsequent letters to the OSC "contain the core of [his] retaliation claim," *Briley,* 236 F.3d at

---

5    Section 2302(b)(9)(C) prevents, in relevant part, retaliation because of "disclosing information to . . . the Special Counsel, in accordance with applicable provisions of law . . . ."

1378, such that he failed to exhaust his remedies with the OSC.

Accordingly, we find that dismissal of Mr. Standley's IRA appeal for lack of jurisdiction was appropriate on all grounds. Our holding does not preclude Mr. Standley from refiling another complaint with the OSC regarding the new alleged disclosures asserted in the instant appeal that the OSC has not yet had an opportunity to investigate.

## CONCLUSION

We have considered Mr. Standley's remaining arguments and find them unpersuasive. Accordingly, the Final Order of the Merit Systems Protection Board is

## AFFIRMED

## COSTS

Each party shall bear its own costs.