**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DONALD PIERCE,
 Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
 Agency.

DOCKET NUMBER
CH-1221-17-0290-W-1

DATE: February 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald Pierce, Bellbrook, Ohio, pro se.

Alana Kitchen, Wright Patterson Air Force Base, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for a lack of Board jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a GS-11 Engineering Technician in the agency's Civil Engineering Group. Initial Appeal File (IAF), Tab 11 at 70. On April 4, 2017, the appellant filed the instant IRA appeal alleging harassment and discrimination by agency officials in retaliation for his disclosure of alleged contracting improprieties and violations.[2] IAF, Tab 1 at 5. In his initial pleading, the appellant indicated that he previously made disclosures and filed complaints with the Office of Special Counsel (OSC) in 2014 and 2016 concerning these matters, as well as filed a number of union grievances and an equal employment opportunity complaint, and "engaged" the agency's Office of Special Investigations. *Id.* The appellant also attached copies of decision letters for several of those grievances along with copies of four of his previously filed OSC complaints and OSC close-out letters. *Id.* at 7-54.

The administrative judge issued a jurisdictional order in which she apprised the appellant of the applicable law and burden of proof requirements for an IRA

---

[2] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the United States Code. Our decision to affirm the initial decision dismissing the appeal for lack of jurisdiction would be the same under both pre- and post-NDAA law.

appeal and ordered him to submit evidence and argument establishing Board jurisdiction over his appeal. IAF, Tab 3. The administrative judge also separately issued an acknowledgement order in which she identified the Board procedures applicable in the appellant's case, including the relevant discovery procedures. IAF, Tab 2 at 3; *see* 5 C.F.R. §§ 1201.71-1201.85. After the appellant submitted his jurisdictional reply, the administrative judge issued an initial decision based on the written record without holding the appellant's requested hearing, in which she concluded that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over his appeal. IAF, Tab 24, Initial Decision (ID) at 1, 22.

In the initial decision, the administrative judge carefully reviewed the four OSC complaints and three close-out letters the appellant submitted with his appeal and concluded that the only disclosure the appellant exhausted[3] for the purpose of this appeal was his disclosure to his first-line supervisor in

---

[3] In an IRA appeal, such as this one, the Board may consider only matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The purpose of the requirement that an appellant exhaust his remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The Whistleblower Protection Enhancement Act (WPEA) provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation of the WPEA, it "shall transmit the information to the head of the agency involved for investigation and report." *Id.* (making this finding based on the same language in the prior Whistleblower Protection Act); *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC and their transmittal to agencies for remedial action are a major component of OSC's work. *Ward*, 981 F.2d at 526. To serve exhaustion's intended purpose, the appellant must articulate to OSC the basis of his request for corrective action "with reasonable clarity and precision," giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1037 (Fed. Cir. 1993); *Ward*, 981 F.2d 521, 526. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including, but not limited to, OSC's preliminary determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8. To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. 5 C.F.R. § 1201.57(c)(1).

November 2015 that construction managers were prepaying for materials that had not yet been installed; his claim of reprisal for that disclosure was contained in his March and April 2016 OSC complaints.[4]  ID at 2-10.  The administrative judge determined that, even though the appellant did not point to any specific law, rule, or regulation that he believed the practice violated, given the appellant's position and experience, his belief that agency officials were engaging in wrongdoing was reasonable, and thus, the appellant met his burden of making a nonfrivolous allegation that his disclosure was protected.  ID at 10-11.

The administrative judge also found that the appellant claimed that he was subject to the following personnel actions as a consequence of his protected disclosure:  (1) the lowering of his performance appraisal on or about May 28, 2015; (2) a failure to promote on or about August 12, 2015; (3) the receipt of a counseling letter on June 18, 2015; (4) the receipt of an oral admonishment on July 13, 2015; and (5) the receipt of an "administrative action-interim notice" letter from his first-line supervisor dated April 11, 2016.  ID at 11, 13.  The

_____

[4] The appellant filed two complaints with OSC's Disclosure Unit (DU) and two complaints with OSC's Complaints Examining Unit (CEU).  IAF, Tab 18 at 15-21, 28-32, 39-41, 50-53.  The complaints to the DU were filed in December 2014 and March 2016.  *Id.* at 28-32, 39-41.  The complaints to the CEU were filed in December 2014 and April 2016.  *Id.* at 15-21, 50.  As the administrative judge observed, complaints to the DU ordinarily do not satisfy the exhaustion requirement for Board jurisdiction under 5 U.S.C. § 1214(a)(3), so the appellant failed to exhaust the matters raised in his December 2014 DU complaint.  *See Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶¶ 10-15 (2008); *Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶¶ 7-13 (2006); ID at 10.  Regarding the December 2014 CEU complaint, the administrative judge determined that the appellant failed to file an IRA appeal within 65 days of OSC's March 2, 2015 letter notifying him that it was terminating its investigation into that complaint, and so a challenge to the alleged personnel actions raised in that complaint was untimely.  ID at 9, 13-15. Regarding the March and April 2016 DU and CEU complaints, as the administrative judge also noted, in a close-out letter addressing the appellant's April 2016 CEU complaint, OSC identified the appellant's "disclosure" as his statement to his supervisor in November 2015 that construction managers were prepaying for materials, even though this statement was only included in the March 2016 DU complaint.  ID at 10.  Consequently, the administrative judge treated the disclosure as exhausted for the purpose of establishing Board jurisdiction over this appeal.  ID at 10-11.  We find no error with the administrative judge's findings in this regard.

administrative judge then evaluated each of the personnel actions the appellant alleged were taken in reprisal for his disclosure and concluded that he failed to make a nonfrivolous allegation that the disclosure was a contributing factor in the agency's decision to take any of the alleged personnel actions.  ID at 11-14.

The appellant has timely filed a petition for review of the initial decision, arguing that:  (1) the agency failed to comply with his discovery requests and the administrative judge issued her decision before discovery was completed; and (2) the agency did not comply with the administrative judge's order to discuss settlement.  Petition for Review (PFR) File, Tab 1 at 4.  The appellant also argues that he provided "indisputable evidence" of mismanagement, abuse of authority, and misuse of Government funds.  *Id*. at 4-5.  The appellant does not challenge the administrative judge's findings regarding exhaustion, timeliness, and the failure to make nonfrivolous allegations regarding contributing factor.  PFR File, Tab 1.  The agency has filed a response in opposition, and the appellant has filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred by issuing the initial decision without identifying the date on which the record for discovery would close.

As support for his claim that the agency failed to respond to his pending discovery requests before the initial decision was issued, the appellant submits the following documents in his reply to the agency's response to the petition for review:  (1) a copy of a discovery request he asserts that he served on the agency, dated May 15, 2017; (2) a document addressed to the agency dated June 6, 2017, requesting that the agency produce additional documents in response to the appellant's discovery request and explaining why he believes the requested documents were relevant; and (3) copies of emails exchanged between the appellant, the agency representative, and employees of the Board's Central Regional Office during the period from April 5, 2017, through July 17, 2017,

regarding discovery and a number of other procedural matters. PFR File, Tab 4 at 7-41.

As previously noted, the administrative judge identified the relevant discovery procedures found at 5 C.F.R. §§ 1201.71-1201.85 in her April 4, 2017 acknowledgement order. IAF, Tab 2 at 3. Under 5 C.F.R. § 1201.73(d)(1), a party must ordinarily serve initial discovery requests within 30 days after the date on which the administrative judge issues an order to the agency to produce the agency file. Under 5 C.F.R. § 1201.73(d)(2), recipients of a discovery request must serve their responses no later than 20 days after the date of service of the request. Under 5 C.F.R. § 1201.73(d)(3), a party dissatisfied with a discovery response must serve a motion to compel a response within 10 days of the date of service of the objecting party's objection, or within 10 days after the time limit for responding has expired.

Here, the original deadline for the parties to serve their discovery requests was 30 days from the April 4, 2017 acknowledgement order, or May 4, 2017. IAF, Tab 2 at 1, 3. After the administrative judge rejected the appellant's initial attempt to file his IRA jurisdictional response because it was not correctly indexed and formatted, IAF, Tab 14, on May 4, 2017, the administrative judge issued an order stating that "[t]he agency will have 10 days from the date the appellant's jurisdictional response is received to file their [sic] reply. The record in this appeal will then close of [sic] the jurisdictional issue," IAF, Tab 15. The following day, on May 5, 2017, the appellant submitted a joint motion for an extension of time to conduct discovery, which the administrative judge granted in a May 8, 2017 order, stating that the parties "must initiate discovery not later than **May 15, 2017**." IAF, Tabs 16-17 (emphasis in original). The administrative judge's order did not specify when the record for discovery would close. Subsequently, the appellant submitted his jurisdictional response on May 10, 2017, IAF, Tabs 18-19, and the agency submitted its jurisdictional response on May 16, 2017, IAF, Tab 20. On July 24, 2017, the administrative judge issued

the initial decision dismissing the IRA appeal based on the written record, concluding that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over his appeal. ID at 1, 22.

Based on the ambiguous language in the administrative judge's order setting the new jurisdictional response deadlines, it is unclear whether the record on the issue of jurisdiction closed as of the date the agency submitted its jurisdictional response (May 16, 2017), or 10 days after the appellant filed his jurisdictional reply (May 20, 2017). IAF, Tab 15. In the appellant's May 19, 2017 response to the agency's jurisdictional reply, he clearly identified that the discovery process had been initiated pursuant to the administrative judge's May 8, 2017 order extending the period of time to initiate discovery, noting that "[u]pon receipt of files, documents, and statements requested per discovery there will be additional evidence supporting my allegations of miss management [sic], abuse of authority and misuse of government funds." IAF, Tab 21 at 6. In that filing, the appellant also identified that he had served his discovery requests on the agency on May 15, 2017. *Id.* at 7. Further, in a June 13, 2017 filing, the appellant noted that of the 22 discovery requests he submitted to the agency, documents had been provided regarding only 2 of his requests, suggesting that a live discovery dispute existed as of that date. IAF, Tab 22 at 5.

Finally, although they were not provided to the administrative judge, along with his reply to the agency response to his petition for review, the appellant has produced copies of his original discovery request propounded on the agency on May 15, 2017, PFR File, Tab 4 at 7-9, as well as his June 6, 2017 letter to the agency attempting to resolve the discovery dispute "before [filing] a motion to compel," *id.* at 30-32. The appellant also has produced a number of emails exchanged with agency counsel as late as July 17, 2017—1 week before the initial decision was issued—in which the agency agreed to produce additional documents consistent with the appellant's discovery requests. *Id.* at 36-41. The initial decision made no reference to the ongoing discovery dispute.

Additionally, although the appellant did not file a motion to compel, neither the administrative judge's May 8, 2017 order extending the time to initiate discovery nor the ambiguous May 4, 2017 order providing the jurisdictional response deadline (which was issued prior to the order extending the period of time to initiate discovery) alerted the appellant as to when the record for addressing jurisdiction or completing the discovery process would close. IAF, Tabs 15, 17.

Even though the appellant's June 13, 2017 filing was not styled as a motion to compel, it clearly evidenced that the discovery process was ongoing and that the parties were attempting to resolve a discovery dispute. IAF, Tab 22 at 5. As previously noted, the administrative judge's order granting an extension to conduct discovery did not specify when the record on discovery would close, and either possible reading of the administrative judge's ambiguous May 4, 2017 order setting the new jurisdictional reply deadlines would have resulted in the record on jurisdiction closing well before the minimum number of days contemplated under the regulations for completing the discovery process had elapsed, and well before when a motion to compel would have been due. IAF, Tabs 15, 17. Given the lack of notice, we find that the administrative judge erred by issuing the initial decision without informing the appellant as to when the record for discovery would close.

<u>None of the information sought in the appellant's pending discovery requests was relevant to the dispositive jurisdictional issue in this case or would have changed the outcome of the initial decision, and so remand is not necessary.</u>

Discovery is the process by which a party may obtain relevant information from another person or a party that the other person or party has not otherwise provided. 5 C.F.R. § 1201.72(a). Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *see Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 15 (2009); *Mc Grath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 7 (1999). What constitutes relevant information in discovery is to be liberally interpreted, and

uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request. *Ryan*, 113 M.S.P.R. 27, ¶ 15; *Mc Grath*, 83 M.S.P.R. 48, ¶ 7. A party to whom a proper discovery request has been made must either comply or "stat[e] an objection to the particular request and the reasons for the objection." 5 C.F.R. § 1201.73(b). Discoverable information is not without boundaries however, and the requesting party must ultimately show that the information sought is relevant or is likely to lead to relevant evidence. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 10 (2013); *see* 5 C.F.R. § 1201.72(b).

Reviewing the discovery requests the appellant submitted with his petition for review, the information he requested from the agency falls into one of the following five broad categories: (1) files, reports, documents, and emails related to projects that he argues contained excessive costs and evidence mismanagement, misuse of funds, or abuse of authority; (2) documents related to a position he applied for, but for which he was not interviewed or selected; (3) emails and documents that he believes contain different information than the versions in his possession; (4) information related to his receipt of an oral admonishment on April 28, 2016, a letter of counseling on August 4, 2016, and a proposed notice of suspension on November 11, 2016; and (5) requests related to a number of other actions taken by the agency prior to his November 2015 protected disclosure. PFR File, Tab 4 at 7-9, 30-32, 34.

In his June 6, 2017 discovery request, the appellant stated that he needed the requested discovery to support his claim that his "supervision/management are guilty of miss management [sic], abuse of authority, and misuse of government funds." *Id.* at 30. However, an appellant need not prove that the condition disclosed actually established a regulatory violation or any of the other situations detailed under 5 U.S.C. § 2302(b)(8)(A)(ii); rather, the appellant must only show that the matter disclosed was one that a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C.

§ 2302(b)(8).[5] *Dilorenzo v. Department of Veterans Affairs*, 103 M.S.P.R. 506, ¶ 7 (2006). In her findings, the administrative judge specifically determined that the appellant met his burden in making a nonfrivolous allegation that he disclosed agency wrongdoing with his November 2015 disclosure. ID at 11. Therefore, to the extent that the appellant's discovery requests sought information meant to support his allegation that he made a protected disclosure, any additional evidence would have been immaterial, as the appellant met his burden. Thus, the additional evidence would not have changed the outcome of the initial decision, and the administrative judge's decision to issue the initial decision before the appellant received the requested discovery did not prejudice any of his substantive rights. *See Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 21 n.6 (2008); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversing an initial decision).

Nonetheless, it is also arguable that some of the appellant's discovery requests sought documents or information that he could have used to meet his burden of proving that his protected disclosure was a contributing factor in the agency's decision to take some of the alleged personnel actions. For example, some of the appellant's requests are for documents and information concerning his nonselection for an interview for a promotion. PFR File, Tab 4 at 8. However, the appellant admitted in filings below that the agency produced responsive documents related to that request, and he only appears to take issue with the agency's decision to redact employee information for privacy reasons

---

[5] As noted, on review the appellant argues that he provided "indisputable evidence" of mismanagement, abuse of authority, and misuse of Government funds. PFR File, Tab 1 at 4-5. The truth or accuracy of a disclosure is not at issue in determining whether an appellant has established his prima facie case of whistleblower reprisal, and the Board need not make such findings at this stage of the proceedings. Thus, the appellant's argument on review that he proved agency wrongdoing is not a basis to disturb the initial decision.

and its assertion that it no longer has some of the requested documents in its possession.  IAF, Tab 22 at 4-5, 16.  Additionally, as the administrative judge observed, this purported personnel action occurred on August 15, 2015, approximately 3 months before the November 2015 disclosure at issue in this IRA appeal, and therefore, the disclosure could not have been a contributing factor in the agency's decision not to select the appellant.  ID at 11; *see Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 26 (2007) (determining that disclosures made after the personnel actions at issue could not have been contributing factors in those personnel actions and do not support a nonfrivolous allegation that the disclosures were contributing factors in the personnel actions).

Several of the discovery requests also seek documents related to the appellant's receipt of an oral admonishment on April 28, 2016, a letter of counseling on August 4, 2016, and a proposed notice of suspension on November 21, 2016.  PFR File, Tab 4 at 7-9, 30-32; IAF, Tab 19 at 118-22, 173-74.  However, as the administrative judge noted, all of these alleged personnel actions were not included in the appellant's March and April 2016 OSC complaints, and so the appellant did not exhaust his administrative remedies with OSC regarding these alleged personnel actions.  ID at 14.  Therefore, any discovery requested regarding these personnel actions also would not have been relevant or changed the outcome of the initial decision.  *See* 5 C.F.R. § 1201.72(a) (recognizing that, for purposes of discovery, "[r]elevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence").

Regarding the appellant's discovery requests for the agency's copies of a number of emails and documents that he believes contain different information than his own versions, in an email exchange between the appellant and the agency representative dated June 16, 2017, the agency observed that the appellant already included copies of those emails in his filings, and the appellant admitted that the requested documents and emails are already in his possession.  PFR File, Tab 4

at 7-9, 30-32, 34-35. Accordingly, this request is "cumulative or duplicative," and also not "reasonably calculated to lead to the discovery of admissible evidence," and therefore this request would not have been relevant and the production of these documents would not have changed the outcome of the initial decision. *See* 5 C.F.R. §§ 1201.72(a), (d)(1); *see, e.g., Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶¶ 9-10 (2010) (concluding that an administrative judge did not abuse her discretion in denying a motion to compel depositions because those depositions would not have provided information reasonably calculated to lead to the discovery of admissible evidence).

Finally, regarding the remaining discovery requests, some of them do concern purported agency actions considered by the administrative judge in the initial decision, such as the appellant's allegation that he was subjected to "unjustified and inappropriate discipline" on September 24, 2014, and that he received a nondisciplinary counseling letter in June 2015, an oral admonishment in July 2015, and an improper performance plan in July 2015. PFR File, Tab 4 at 7-9, 30-32; IAF, Tab 18 at 51-52. However, as the administrative judge properly identified, none of these actions constitute personnel actions as set forth in 5 U.S.C. § 2302(a)(2)(A). ID at 15-16. Further, as the administrative judge also noted, to the extent those actions could be considered as a part of the appellant's general claims of retaliation and a hostile work environment, all of those actions took place before the November 2015 protected disclosure, and thus, the disclosure could not constitute a contributing factor in any of the purported personnel actions.[6] *Johnson,* 104 M.S.P.R. 624, ¶ 26; ID at 12.

---

[6] One of the appellant's discovery requests—related to his receipt of an "interim-action administrative notice" letter on April 11, 2016—did take place after his November 2015 disclosure. PFR File, Tab 4 at 8. However, as the administrative judge noted, the appellant did not allege in his OSC complaint that this decision was taken in reprisal for his disclosure, and instead claims that it was somehow related to disagreements with his former supervisor dating back to 2014, so OSC did not consider it in relation to the appellant's OSC complaint that is the subject of this appeal. IAF, Tab 18 at 52; ID at 13-14.

In summary, we conclude that the administrative judge erred by issuing the initial decision without clearly identifying when the record for discovery would close. Nonetheless, because none of the evidence requested in the appellant's pending discovery requests was relevant to the dispositive jurisdictional issue in this case, we deny the appellant's petition for review and affirm the initial decision finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.[7]

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Regarding the appellant's claim that the agency failed to comply with the acknowledgement order's requirement that it contact him to discuss settlement, even if true, such a failure would not demonstrate error in the initial decision, and the appellant has not explained how he was harmed by the agency's failure or how his substantive rights were prejudiced. *See Mobery v. Department of the Navy*, 65 M.S.P.R. 110, 115 (1994) (concluding that the agency's failure to contact the appellant regarding settlement did not prejudice any of his substantive rights and therefore provided no basis for reversing the initial decision).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.